**UNITED STATES of America, Appellant,**

v.

**John R. BLACKETT et al., Appellees.**

**No. 13951.**

United States Court of Appeals, Ninth Circuit.

March 9, 1955.

Rehearing Denied June 15, 1955.

H. Brian Holland, Asst. Atty. Gen., Hilbert P. Zarky, Ellis N. Slack, A. F. Prescott, Fred E. Youngman, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Eugene Harpole, Sp. Atty., Internal Revenue Service, Los Angeles, Cal., for petitioner.

James Don Keller, Dist. Atty., City of San Diego, San Diego, Cal., for appellee Chester Cleator.

Charles E. Burch, Jr., San Diego, Cal., for appellees Thomas G. Cross, et al.

Before STEPHENS and CHAMBERS, Circuit Judges, and McLAUGHLIN, Chief Judge.

STEPHENS, Circuit Judge.

Upon the date this appeal was lodged in this court John R. Blackett was delinquent in the payment of internal revenue to the United States in a sum greater than the total of the two sums of money involved in this case. Liens for the payment of the principal sum with accruing interest, under the provisions of the In-

4. See footnote 1.

ternal Revenue Code §§ 3670,[1] 3671,[2] and 3672,[3] had been perfected between February 6, 1948, and May 4, 1948, and apparently existed in full force and effect up to the date of the lodgment. The record shows no change to date.

Blackett owned and conducted a bar under a California liquor license issued to him, and he carried certain bottled liquor as supply for the bar business.

On June 17, 1949, Cross, Bates & Company, a copartnership, and the individuals of such partnership, to-wit, Thomas G. Cross and Leo K. Bates, Sr., sued Blackett in the Municipal Court of San Diego, California, for an alleged debt, and sued out a writ of attachment. Three days later levy was made on the stock of liquor. Judgment was entered for plaintiff on October 26, 1949, and execution issued the next day. On November 30, 1949, the liquor levied upon was sold for $300.00. Immediately before and immediately after the sale the government notified the Marshal of the Municipal Court, conducting the sale, of the government lien.

Following an order for appearance made on May 26, 1950, Blackett was examined in the Municipal Court in supplemental proceedings on the unsatisfied judgment, subsequent to which and out of which Blackett's liquor license was ordered sold, and it was sold for $1,620.00. The money was paid to the Municipal Court Marshal, as receiver, for proper distribution. Notice of the government lien was given immediately before and immediately after the sale. Both sums of money, to-wit, $300.00 and $1,620.00, remain in the Marshal's possession.

With the facts standing as we have recited them, the United States brought its action in the district court, praying that the $1,920.00 be paid to it for credit on Blackett's delinquent tax account under its claimed lien. By § 3670 of the In-

ternal Revenue Code, the government lien affixes:

"* * * upon all property and rights to property, whether real or personal, belonging to such person [here, to the delinquent tax payer]."

The individuals constituting the partnership of Cross, Bates & Company, and that partnership, together with Municipal Court Marshal Cleator, were made defendants. Cleator answered, requesting direction as to distribution of the money. Cross, Bates & Company, and the individuals thereof, hereinafter called judgment creditor, answered and cross-claimed the money. The district court ordered the $300.00, received from the sale of the liquor stock, paid to the United States under its tax lien. This part of the order is not contested in this appeal. It ordered the $1,620.00, received from the sale of the liquor license, paid to the judgment creditor, under the following reasoning:[4]

"* * *; the said on-sale liquor license not being subject to any lien whatever, either in favor of the United States of America or any other person, firm or entity, and the said proceeds from the sale thereof being the result only of an in personam proceeding supplementary to judgment against John R. Blackett in accordance with the laws of the State of California relative thereto."

The United States in its brief on appeal presents its view of the issue, as follows:

"Whether the District Court erred, under the facts and the law, in holding that a liquor license issued by the State of California to John R. Blackett and/or the proceeds realized upon an execution sale thereof are not subject to prior tax liens of the United States for unpaid federal taxes assessed against Blackett."

1. Title 26 U.S.C.A. § 3670, 53 Stat. 448.

2. Title 26 U.S.C.A. § 3671, 53 Stat. 449.

3. Title 26 U.S.C.A. § 3672, 53 Stat. 449, as amended June 29, 1939, 10 p.m. E.S.T.,

c. 247, Title IV, § 401, 53 Stat. 882, as amended Oct. 21, 1942, 4:30 p.m., E.S.T., c. 619, Title V, § 505, 56 Stat. 957.

4. Conclusion II, Record on Appeal, pp. 29, 30.

The judgment creditor presents the issue as follows:

"The principal issue in this case is whether a Federal Tax 'lien' attached to a California liquor license, properly issued to, and standing in the name of, the Defendant, John R. Blackett. If such a lien *did* attach to such liquor license prior to sale thereof under supplemental proceedings in an *in personam* motion brought by Cross, Bates & Company to enforce a money judgment secured by the latter company against the said Blackett—the California equivalent to a Creditor's Bill—then judgment in this case should be for the United States. On the other hand, if no such tax lien attached to the liquor license, the judgment must be against the United States and for Cross, Bates & Company."

The theory back of the judgment creditor's claim is that, since a California liquor license, though transferable, is subject to the state's refusal to honor the transfer (and such is a fact in the case), it is not property nor does it constitute the right to property and is not subject to be sold under a lien claimed by the United States. The district court was in accord with this view. The court held that since, in its opinion, the license is not the subject of a lien, the proceeds from the sale are likewise not subject to the lien because they came into being through an "in personam proceeding".

We think the judgment creditor mistook the issue. The United States at no time attempted to impose its lien against the liquor license, but upon the sale taking place and money having been received therefor, it claims that it has the right to enforce its lien against the money as "property and right to property" of the delinquent taxpayer. It is true that the sale was precipitated by the judgment creditor, but whatever was received through the sale became the property of the vendor-owner, subject, as any other property belonging to him, to valid liens thereon in the order of their priority, in this case, first the tax lien, second the judgment creditor's lien.[5] Appellee's (judgment creditor's) theory is erroneous for, if the license is not property subject to process by the United States, it has no different status under the Municipal Court's process. And, we may respectfully add, the District Court's decision is inconsistent for, if the lien of the United States is good against the $300.00, it is good against the $1,620.00.

We hold that the district court was in error in its decision that the money received from the sale of the license was payable to the judgment creditor ahead of the lien of the United States.

There is, in the agreed statement of fact, mention of an attempted arrangement as to the taxpayer Blackett's creditors and that the United States was involved therein. The statement is not sufficient for any consideration in this appeal. Neither party claims anything for or from it and it is clear that the court did not regard it as affecting the government's lien as valid and continuing, for it held the lien applicable as to the money received from the liquor stock.

The judgment is reversed and the cause is remanded with instructions to order the Municipal Court Marshal, as the receiver of the two sums of money, the $300.00 and the $1,620.00, to pay the same or as much thereof as is due and unpaid on the lien of the United States, to the United States.

Reversed and remanded.

---

5. See Glass City Bank v. United States, 1945, 326 U.S. 265, and our cases cited therein at page 269, 66 S.Ct. 108, at pages 110, 111, note 5, 90 L.Ed. 56, to-wit: Citizens Nat. Trust & Savings Bank v. United States, 9 Cir., 135 F.2d 527; Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894.