UNITED STATES of America,
Plaintiff,

v.

Dorothy M. SHEARER, d/b/a Warren Avenue Lunch, and Alexandria Joseph, Defendants.

Civ. A. No. 64–153–J.

United States District Court
D. Massachusetts.

June 15, 1965.

W. Arthur Garrity, Jr., U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for plaintiff.

William P. Franzese, Boston, Mass., for defendant Joseph.

Nathan Richman, Brockton, Mass., for defendant Shearer.

JULIAN, District Judge.

This is a suit by the United States to enforce tax liens on funds that resulted from the sale of a liquor license.

The taxpayer defendant is Dorothy M. Shearer, doing business as Warren Avenue Lunch. The defendant Alexandria Joseph is a judgment creditor of Shearer. Shearer's attorney, Nathan Richman, intervened to establish and enforce an attorney's lien.

The United States and the defendant Joseph have moved for summary judgment.

From the pleadings, requests for admissions of fact, and a stipulation the following facts appear:

1. The defendant Shearer is indebted to the United States in the amount of $1,821.50, plus interest, for taxes due and owing.

2. The District Director of Internal Revenue made assessments for federal excise and withholding taxes against the defendant Shearer.

3. Notices of and demand for the payment of the tax assessments were made on the defendant Shearer. Shearer failed to make payment on the assessments.

4. Notices of the federal tax liens were filed with the City Clerk of Brockton, Massachusetts, and the Registry of Deeds, Plymouth County, Plymouth, Massachusetts, between September 30, 1960, and July 5, 1962.

5. On May 21, 1955, the defendant Joseph transferred the business called the Warren Avenue Lunch, including the alcoholic beverage license, to Dorothy M. Shearer for a note in the amount of $12,500. The note was secured by a chattel mortgage covering the tangible personal property on the premises at 264 Warren Avenue, Brockton, Massachusetts.

6. The mortgage was properly recorded on May 25, 1955. It was foreclosed by Joseph and the property covered by the mortgage was sold pursuant to a power of sale on October 31, 1962.

7. As a result of the sale and prior payments there remained a balance of $8,618.14 due on the note.

8. In February, 1963, the defendant Shearer entered into an agreement with Herbert and Rhoda Leonard for the sale and transfer of the liquor license for $4,100 and other consideration. The $4,100 was to be held by Leonard's attorney pending final approval of the transfer of the license.

9. The Alcoholic Beverages Control Commission approved the transfer of the license on March 21, 1963.

10. On March 22, 1963, Joseph brought a suit in a state court to establish Shearer's indebtedness on the note and to reach and apply the $4,100 due to Shearer from Shearer's vendees. The state court restrained the Leonards and their attorney from transferring the fund.[1]

11. On June 17, 1963, the state court issued an order of notice to add the United States as a party defendant.

12. On June 26, 1963, the United States entered a special appearance in the state court contesting jurisdiction. The petition to join the United States was never allowed.[2]

13. On August 2, 1963, the state court made its findings.

14. On September 30, 1963, the United States attempted to intervene. On February 26, 1964, a final decree was entered without any action taken on the United States' motion to intervene.[3]

15. On February 26, 1964, Joseph recovered a judgment against Shearer for $8,618.14. The Leonards were ordered to pay the $4,100 sale price of the license to Joseph.

16. On March 5, 1964, a temporary restraining order was issued in this court restraining Joseph from disposing of the $4,100. This was replaced on March 9, 1964, by a stipulation in which Joseph

---

1. On March 28, 1963, a Notice of Levy addressed to the Leonards and their attorney was served on their attorney. There was a final demand on March 29, 1963.

2. It does not appear whether it was denied or just not acted on.

3. From this the Court concludes that the United States was not a party to the proceedings.

agreed not to dispose of $2,500 of the $4,100.

17. Shearer's attorney, Richman, was allowed to intervene, as he claimed a lien on the funds that were to be the subject of this Court's order. The intervening attorney relies on Mass. Gen. Laws c. 221, § 50, and on the terms of the purchase and sale agreement.[4]

### CONCLUSIONS OF LAW

1. The statutes involved in this suit are:

*26 U.S.C. § 6321.* "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

*26 U.S.C. § 6322.* "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

*26 U.S.C. § 6323.*

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; * * * *"

2. Much has been made of the fact that the source of the fund in question was a liquor license, which license may or may not be property within the terms of 26 U.S.C. § 6321. See 77 Harv.L.Rev. 1485 (1964). The real issue here is who is entitled to priority in the fund created by the sale.

3. When the Alcoholic Beverages Control Commission approved the transfer of the license from Shearer to the Leonards, Shearer had a right to property subject "to valid liens thereon in the order of their priority * * *." United States v. Blackett, 9 Cir., 1955, 220 F.2d 21, 23.

4. The federal tax lien applies to property or rights to property of the taxpayer at any time during the period of the lien. Glass City Bank v. United States, 1945, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.

5. The guiding principle to be observed on conflicting liens is "the first in time is the first in right." United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

6. The claimed lien of the attorney does not have priority over the government's lien for taxes. The attorney's lien is claimed against a fund that was not due to Shearer until March 21, 1963. It had nothing to which it could attach until that date, which is after the perfecting of the federal tax liens. The attorney's lien on the fund was dependent on Shearer's right to it. When

---

4. In the intervenor's petition there appears the following:

"7. That in addition to his own time, expense and services, your petitioner has incurred the joint obligation with his client Dorothy Shearer the defendant herein, for a brokerage commission to the broker who procured the purchaser of the defendant Shearer's business.

"8. That according to the terms and conditions of the purchase and sale agreement of the Shearer business, all adjustments and expenses of the sale were to be deducted prior to arriving at the net proceeds to the defendant Shearer."

Shearer's right arose, it arose with a tax lien, perfected even as to protected classes as enumerated in 26 U.S.C. § 6323. At that time the attorney's lien was not choate. The amount of the lien was not determined. See Mass. Gen. Laws c. 221, §§ 50, 50B. Not being choate as described in United States v. Pioneer American Insurance Co., 1963, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770, it cannot take priority over the federal tax lien.

7. Attorney Richman, the intervenor, is not entitled to any of the fund as against the defendant Joseph. His claim for an attorney's lien for fees and expenses was in issue in the state court where a decision adverse to his claim was rendered. He chose not to appeal. The doctrine of res judicata now bars his claim.

Attorney Richman's petition is therefore ordered dismissed.

8. Joseph's claim is not that of a mortgagee. Her status is that of a judgment creditor. Her claim to the fund is based on her recovery of a judgment for the balance due on the note.

9. Any equitable lien that attached to the fund at the time of the state court restraining order was not a choate lien and could not cut off the tax liens. United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264.

10. In her status as a judgment creditor, a protected class,[5] Joseph can prevail only if she was such at the time the tax liens were recorded. The tax liens were recorded prior to the time she achieved the status of a judgment creditor, February 26, 1964. Therefore, the government's tax lien has priority. United States v. Security Trust and Savings Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

11. Judgment will be entered for the United States in the sum of $1,821.50, plus interest.