**In re LEIDEN CORPORATION, Debtor.**

**Bankruptcy No. 8300699.**

United States Bankruptcy Court,
D. Rhode Island.

April 2, 1986.

Charles J. McGovern, Coffey, McGovern, Noel & Neal, Ltd., Providence, R.I., Trustee.

John F. Bomster, Adler Pollock & Sheehan, Providence, R.I., for movant.

**ORDER DENYING MOTION FOR ENFORCEMENT OF ATTORNEYS' LIENS**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's objection to Adler Pollock & Sheehan's motion for enforcement, without court review, of two attorneys' liens, in the amounts of $6,565.30 and $17,267.15, respectively.

After considering the arguments of counsel, we agree with and adopt the reasoning advanced in the Trustee's Memorandum of Law in Opposition to Motion for Enforcement of Attorneys' Liens, and conclude that this Court has the authority to review the reasonableness of attorneys' fees, secured by liens, for prepetition services rendered to Leiden Corporation. *See Bitker v. Whyte, Hirschboeck, Minahan, Harding & Harland (In re Land Investors, Inc.),* 544 F.2d 925 (7th Cir.1976); *Beach v. Townsend (In re TLC of Lake Wales, Inc.),* 13 B.R. 593 (Bankr.M.D.Fla. 1981).[1] Although we do not question the validity of Adler Pollock & Sheehan's liens, they are enforceable only to the extent, and in the amount, determined to be reasonable by this Court.

Accordingly, Adler Pollock & Sheehan may submit within ten days a fee application (copies to the trustee and all interested parties) for the prepetition services in

---

**1.** We expressly reject the movant's contention (and those cases in support thereof) that this Court is prohibited from using reasonableness standard to assess the value of an attorney's lien which arises by virtue of a prepetition contract between counsel and the debtor. *See, e.g., In re Innkeepers of New Castle, Inc.,* 671 F.2d 221 (7th Cir.1982); *United States v. Transocean Air Lines, Inc.,* 356 F.2d 702 (5th Cir.1966); *In re Prudence Co., Inc.,* 96 F.2d 157 (2d Cir.1938).

question, which should include the date each task was performed, the name of the individual performing such task, the time expended on each task, the results achieved, the expenses incurred, and a description of the need for, and nature of, each task. The application should also set out the hourly rate, and should total the number of hours expended, for each professional, associate or assistant. *See Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984) (services performed should be described in sufficient detail to enable the court to make an evaluation as to reasonableness of time spent on each task).