**Ed VREUGDENHILL, d/b/a Menning Implement, Appellant,**

**v.**

**NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, formerly International Harvester Company, Appellee.**

**No. 91–1654.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1991.

Decided Nov. 29, 1991.

Rick Johnson, Gregory, S.D., J.M. Grossenburg, Winner, S.D., for appellant.

Robert B. Anderson, Pierre, S.D., for appellee.

Before FAGG and MAGILL, Circuit Judges and ALSOP,* Chief Judge.

ALSOP, Chief Judge.

This case arises out of plaintiff-appellant's suit for damages against defendant-appellee for failure to accept returned parts in violation of South Dakota law. Ed Vreugdenhill, a former International Harvester dealer in equipment and parts, appeals the district court's[1] grant of summary judgment in favor of Navistar International Transportation Corporation, formerly International Harvester Company ("IHC"). We affirm.

In January 1983, Vreugdenhill entered Chapter 11 bankruptcy proceedings and scheduled approximately $500,000 in property, including the parts which he contends IHC refused to accept. In March 1983, pursuant to a stipulated settlement, the United States Bankruptcy Court for the District of South Dakota entered an order providing that Vreugdenhill would submit an inventory list of all parts to be returned to IHC, that IHC would review the list, accept those parts Vreugdenhill shipped to IHC, and would apply any credits resulting from this shipment to the indebtedness Vreugdenhill might owe IHC.

Vreugdenhill alleged that IHC failed to comply with the March 1983 order, and in July 1983 he moved for an Order to Show Cause mandating that IHC comply with the order. The bankruptcy court indefinitely continued Vreugdenhill's hearing on the motion because the parties represented they had reached a settlement of the issue. In October 1983, IHC sent a letter to Vreugdenhill refusing to accept any more parts, and shortly thereafter, Vreugdenhill's Chapter 11 proceeding was converted to a Chapter 7 proceeding.

A trustee was appointed to administer Vreugdenhill's estate. Vreugdenhill had not scheduled at this time, nor did he ever schedule, his potential claim against IHC for failure to accept parts under South Dakota law. Vreugdenhill alleges, however, that he informed the trustee of the potential claim against IHC informally and requested that the trustee pursue the claim. Eventually, the trustee auctioned off the disputed parts, Vreugdenhill was discharged as debtor, and the bankruptcy proceeding was closed.

At the district court level in the present action, Vreugdenhill argued that the trustee formally abandoned the claim against IHC when the trustee formally abandoned several other unrelated claims. The district court decided that all issues concerning the return of parts were fully resolved in the prior bankruptcy proceeding and that the trustee never abandoned the claim against IHC for failure to accept parts.

We use the same standard as the trial court in reviewing the entry of summary judgment. *Stokes v. Lokken*, 644 F.2d 779, 782 (8th Cir.1981). Summary judgment may be granted where "no genuine issue as to any material fact [exists] and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Additionally, all facts must be viewed in the light most favorable to the party opposing the motion of summary judgment, and the opposing party must be given the benefit of all reasonable inferences. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir.1980).

On appeal, Vreugdenhill concedes that the trustee never formally abandoned the present claim pursuant to 11 U.S.C. § 554(a). Instead, Vreugdenhill now argues that the claim was abandoned by operation of law pursuant to 11 U.S.C. § 554(c). Section 554(c) states:

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case

---

* The Honorable DONALD D. ALSOP, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

is abandoned to the debtor and administered for purposes of section 350 of this title.

Vreugdenhill argues that because he never concealed the claim from the trustee and because he had previously raised the issue in his motion for an Order to Show Cause, the claim was "necessarily scheduled." Because the trustee did not pursue the claim, Vreugdenhill contends, the claim was unadministered at the close of the case and passed to the debtor by operation of law. This court finds, however, that in order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case. It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1). *See* 4 *Collier on Bankruptcy*, ¶ 554.02[5] (1982). It is clear that Vreugdenhill never scheduled the potential claim against IHC for failure to accept returned parts. Therefore, the claim against IHC could not be abandoned by operation of law.

Having reviewed and considered the record, briefs, and parties' arguments, we further conclude that the district court's finding that all issues regarding the parts were fully resolved in the prior bankruptcy proceeding was not clearly erroneous.

Upon the foregoing, we affirm the district court's grant of summary judgment in favor of Navistar International Transportation Corporation.