In re Jeffrey ROTHWELL, Debtor.

William B. BILLINGHAM,
Trustee, Plaintiff,

v.

WYNN & WYNN, P.C., Defendant.

Bankruptcy No. 91–15501–JNF.
Adv. P. No. 92–1786.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 6, 1993.

William B. Billingham, Marshfield, MA, for plaintiff.

Steven J. Drew, Wynn & Wynn, Boston, MA, for defendant.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. INTRODUCTION

Several matters are before the Court for determination: 1) Cross Motions for Summary Judgment filed by William G. Billingham, the Chapter 7 Trustee (the "Trustee") of the estate of Jeffrey Rothwell ("Rothwell" or the "Debtor"), and Wynn & Wynn, P.C. ("Wynn & Wynn"); and 2) Wynn & Wynn's "Motion for Compensation" and the Trustee's Response to the Motion for Compensation. The Court heard the Cross Motions for Summary Judgment on August 11, 1993 and took the motions under advisement. Pursuant to the Court's instructions, Wynn & Wynn filed its Motion for Compensation by August 18, 1993, in which it seeks fees of $9,490.37, and the Trustee filed his Response by August 25, 1993. The following constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

## II. FACTS

On June 26, 1991, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. William G. Billingham was appointed interim trustee. The Debtor filed schedules in which he listed Wynn & Wynn as an unsecured creditor with a claim in excess of $20,000, but he failed to list among his assets a civil action that was pending in the Plymouth Superior Court, captioned "Jeffrey P. Rothwell, Individually and as Beneficiary of the J & E Realty Trust; David B. Carleton, Individually and as Trustee and Beneficiary of the J & E Realty Trust; and Edward M. Latorie, Individually and as Beneficiary of the J & E Realty Trust, Plaintiffs v. John Valle, d/b/a, John Valle General Contractors and as Trustee of J & E Realty Trust, Defendant," in which he was represented by Wynn & Wynn. The Plaintiffs in the civil action sought damages for breach of contract, conversion and breach of fiduciary duty, stemming from a dispute with respect to a construction contract pursuant to which the Plaintiffs acted as financiers and the Defendant acted as general contractor.

In January of 1992, the Debtor was discharged. Shortly thereafter, on January 18, 1992, his Chapter 7 case was closed as a "no-asset" case.

By letter dated June 2, 1992, Thomas E. Pontes, Esq. of the firm of Wynn & Wynn

advised the Trustee of the pendency of the civil action and a June 23, 1992 trial date that had been scheduled by the Plymouth Superior Court. The letter also stated the following:

Since it appears that this matter will go forward on June 23, 1992, it is imperative that this office be appointed as special counsel by the Bankruptcy Court to represent the Debtor in this matter. I have enclosed an application for appointment as special counsel to the trustee as well as related papers. Kindly review the same and contact me so that we may discuss how we can get the appointment made prior to June 23, 1992.

The related papers referred to by Attorney Pontes included an "Application for Approval of Employment of Attorney for Special Counsel," an affidavit, and a form of order.

A disagreement arose between the Trustee and Wynn & Wynn as to the terms of Wynn & Wynn's employment as special counsel. By letter dated June 4, 1992, the Trustee advised Wynn & Wynn that he would not agree to the proposed employment of Wynn & Wynn as special counsel unless the firm waived its claim as a creditor. The Trustee suggested that Wynn & Wynn be employed as special counsel on a contingency fee basis of one-third of any amounts recovered. Wynn & Wynn rejected this proposal. Wynn & Wynn was not employed as special counsel, and the Trustee did not file an appearance in the state court litigation.

On August 5, 1993, an Agreement for Judgment, executed by Attorney Pontes and Valle's attorney, was entered in the Plymouth Superior Court action in the amount of $25,000 plus interest accrued in an escrow account. Prior to the entry of the Agreement for Judgment, there was no communication between the Trustee and Wynn & Wynn regarding any settlement. Indeed, in his affidavit filed in this action, Attorney Pontes acknowledged that he did not have authority from the Trustee when he executed the Agreement for Judgment on behalf of Rothwell and the other plaintiffs in the state court action. Under the terms of the J & E Realty Trust and in accordance with the Debtor's beneficial interest in the trust, the Debtor was entitled to 31.557% [sic] of the judgment or $9,416.08.

On September 21, 1992, the Trustee moved to reopen Rothwell's Chapter 7 case, and, on October 8, 1992, the case was reopened. On November 23, 1992, the Trustee commenced the above-captioned adversary proceeding against Wynn & Wynn, seeking through his amended complaint 1) a determination that Wynn & Wynn has no lien or claim to the funds which it holds as the result of its settlement of the civil action; and 2) turnover of the funds it holds from the settlement of the civil action. Wynn & Wynn answered the Trustee's complaint, asserting that it is owed $30,073.75 for prosecution of the Valle litigation, that Rothwell is jointly and severally liable for that obligation, and that it is entitled to a lien for its attorneys' fees which can be offset against any recovery. Assuming Rothwell would be responsible for its fees in the same proportion as his interest in the trust, his share of the firm's fees would be $9,490.37—an amount in excess of his share of the recovery.

## III. DISCUSSION

Pursuant to Fed.R.Civ.P. 56, made applicable to this proceeding by Fed.R.Bankr.P. 7056, if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In this proceeding, the Trustee suggests that there are material facts in dispute with respect to whether he acquiesced to Wynn & Wynn's representation of the estate in the state court action and the amount and reasonableness of Wynn & Wynn's purported lien. The Court disagrees. The facts upon which the parties agree are sufficient for a resolution of this adversary proceeding, as the asserted factual disputes are immaterial to the outcome of this case.

■ It is beyond cavil, and the parties do not dispute, that the cause of action that was pending at the time of the Debtor's bankruptcy filing was property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (property of the estate includes "... all legal or equitable interests of the debtor in property as of the commencement of the case."). In *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865 (5th Cir.1971), the court stated: "A 'cause of action' is an asset or a property right of the individual to whom it belongs. Under the Bankruptcy Act, title to a 'cause of action' vests in the trustee unless abandoned." *Id.* at 867 n. 9 (citations omitted). The same is true under the Bankruptcy Code. Therefore, Rothwell's cause of action against Valle became property of his bankruptcy estate when he filed his Chapter 7 petition on June 26, 1991, and Rothwell was not free to dispose of that asset until the Trustee abandoned it.

Section 554 of the Bankruptcy Code provides in relevant part:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

■ For property to be abandoned by operation of law under section 554(c), the debtor must formally schedule the property before the close of the case. *Vreugdenhill v. Navistar Internat'l Trans. Corp. (In re Vreugdenhill)*, 950 F.2d 524, 526 (8th Cir. 1991). The court in *Vreugdenhill* stated that "[i]t is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1)." *Id.*

■ Pursuant to Fed.R.Bankr.P. 6007, abandonment under section 554(a) and (b) requires notice, a hearing and an order of the court authorizing abandonment. *Pace v. Battley (In re Pace)*, 146 B.R. 562, 564 (Bankr. 9th Cir.1992). The appellants in the *Pace* case argued that the trustee's knowledge of a cause of action reflected in his interim report was sufficient notice to creditors of the intent to abandon the claim. In rejecting this argument, the court stated "[a]bandonment requires affirmative action by the trustee or some other evidence of the intent to abandon the asset." *Id.* at 566.

In *Dallas Cabana, Inc., supra*, the court considered the Debtor's appeal from a decision dismissing a cause of action that vested in the trustee by operation of law. Noting that the trustee had not abandoned the cause of action, the court determined that the trustee's failure to prosecute a claim did not permit the would-be plaintiff/debtor from bringing suit without first petitioning the bankruptcy court for an order authorizing or compelling abandonment of the property. *Id.* 441 F.2d at 867 (footnote omitted).

Applying the holdings of the above cases to the facts of this case, the Court finds that Rothwell's cause of action against Valle was property of the estate that was not abandoned by the Trustee either formally or by operation of law. Moreover, neither Rothwell nor his counsel in the state court litigation filed a motion with this Court to compel the Trustee to abandon the cause of action pursuant to 11 U.S.C. § 554(b)—a procedure that in all probability would have obviated the present dispute between Wynn & Wynn and the Trustee. Accordingly, the Debtor was without authority to either prosecute or

settle the action against Valle. It follows that his attorneys at the firm of Wynn & Wynn, acting as his counsel and not as counsel to the Trustee, were without authority to either prosecute or settle the Plymouth Superior Court action.

The Court rejects Wynn & Wynn's argument that the Trustee acquiesced in the prosecution of the state court action. Neither the affidavits of the Debtor and Attorney Pontes from Wynn & Wynn nor the case law cited justify the unauthorized use or disposition of property of the estate. Wynn & Wynn relies upon the case of *Greene v. Schmukler (In re De Berry)*, 59 B.R. 891 (Bankr.E.D.N.Y.1986), to support its argument that the Trustee acquiesced in Wynn & Wynn's representation of the estate. In that case, the Chapter 7 trustee sought turnover of attorney's fees from the attorney who had represented the debtor in a personal injury action, arising out of a pre-petition accident, that resulted in a favorable settlement. The state court lawsuit was commenced at about the same time the debtor filed the first of two bankruptcy petitions. The debtor received a Chapter 7 discharge in June of 1981, the same month the personal injury suit was settled. The Chapter 7 trustee commenced an adversary proceeding against the debtor's attorney four years after the settlement. Unlike the instant case, the debtor had scheduled, under contingent and unliquidated claims, his personal injury action, the value of which was undetermined at the commencement of the case. The trustee was aware of the action as early as 1981 and was aware that the debtor's attorney continued to represent the debtor in the personal injury matter. The court found that the trustee knew and acquiesced in the defendant's representation of the debtor and through inaction implicitly approved the settlement that was reached in the personal injury action. The New York court also indicated that the defendant's charging lien survived the bankruptcy, and attached to the proceeds of the settlement in the same way as it would attach to a judgment.

The *De Berry* case is totally distinguishable from the instant case. Not only did the debtor in that case list his cause of action in his schedules, the trustee's four year delay in initiating the turnover action against the debtor's personal injury attorney was a compelling factor in the court's decision. The court emphasized the inequity of allowing the trustee to "attempt to undue his tardiness." *Id.* at 898.

The Court finds that there has been no pattern of delay in this case as in *De Berry*. Absent the unusual and extenuating circumstances present in the *De Berry* case, purported acquiescence on the part of the Trustee to either the Debtor's prosecution of a case or his counsel's representation and settlement of a case is insufficient justification for action without bankruptcy court authority where the cause of action has not been abandoned by the Trustee. Moreover, in this case, the Trustee rejected Wynn & Wynn's terms for employment as special counsel and no application was filed with this Court.

■ The absence of Court approval of Wynn & Wynn's representation is an independent basis for disallowance of its claim for compensation from the estate. Section 327(e) provides:

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). *See also* Fed. R.Bankr.P. 2014. The Bankruptcy Code and Rules require court authority for the employment of special counsel to ensure that the proposed employment is in the best interest of the estate and that the attorney who is to be employed does not hold an interest adverse to the estate. Failure to comply with these disclosure and authorization requirements may result in denial of employment or forfeiture of compensation. *See In re Hub Business*

*Forms, Inc.,* 146 B.R. 315 (Bankr.D.Mass. 1992); *In re Lincoln North Assocs., L.P.,* 155 B.R. 804 (Bankr.D.Mass.1993).

Wynn & Wynn's June 2, 1992 letter to the Trustee evidences an awareness of the requirements of the Bankruptcy Code and Rules. Accordingly, its arguments that the Trustee acquiesced in the firm's employment are irrelevant because court authorization, not trustee action or inaction, must be obtained if the attorney is not to be considered a volunteer or officious intermeddler in the administration of the bankruptcy case. Because the cause of action against Valle was not abandoned and because the firm of Wynn & Wynn was not employed as special counsel to the Trustee, the firm is not entitled to attorneys' fees for its involvement in the Valle litigation.

█ Wynn & Wynn also improperly settled the Valle litigation without the authority of this Court. Fed.R.Bankr.P. 9019 provides in relevant part:

(a) COMPROMISE. On motion by the trustee and after a hearing on notice to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to such other entities as the court may designate, the court may approve a compromise or settlement.

Fed.R.Bankr.P. 9019. Subdivisions (a) and (c) of Rule 9019 are essentially the same as the provisions of former Bankruptcy Rule 919. A settlement agreement is unenforceable without notice of the settlement to creditors or a court order approving it. *In re Lloyd, Carr and Co.,* 617 F.2d 882, 885 (1st Cir.1980). In this case, as in the First Circuit case where there was a failure to comply with Rule 919, there was no compliance with Rule 9019. Therefore, from the point of view of the bankruptcy estate the Agreement for Judgment is without effect.

█ Two issues remain: 1) Does Wynn & Wynn have an attorney's lien on the Debtor's portion of the settlement proceeds? and 2) Is the Trustee entitled to turnover of the Debtor's share of the proceeds? The answer to the first question is

no, and the answer to the second question is yes.

The attorney's lien statute in Massachusetts provides in relevant part:

From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom....

Mass.Gen.Laws.Ann. ch. 221, § 50 (West 1958). In *Torphy v. Reder,* 357 Mass. 153, 257 N.E.2d 435 (1970), the Supreme Judicial Court described the attorney's lien as follows: "... the type of lien created by G.L. c. 221, § 50 is a charging lien which binds the judgment or money decree for payment of expenses incurred and for services rendered by an attorney with respect to the particular action or suit." 357 Mass. at 156. *See also In re Leading Edge Prods., Inc.,* 121 B.R. 128, 130 (Bankr.D.Mass. 1990); *Collins v. Town of Webster,* 25 Mass.App.Ct. 745, 749, 522 N.E.2d 12 (1988), *review denied,* 402 Mass. 1104, 525 N.E.2d 678 (1988).

In *In re Leading Edge Prods., Inc.,* the court explained:

when an attorney files an action an inchoate lien *arises* in his or her favor. The lien becomes choate *when* a judgment, decree or other order is entered in the client's favor ("upon the judgment, decree etc."). Finally, the lien attaches *to* "the proceeds derived therefrom...."

121 B.R. at 131. Absent the unusual circumstances present here, Wynn & Wynn's statutory lien would attach to the proceeds of the judgment it obtained in favor of the Debtor and his co-Plaintiffs. However, because of Wynn & Wynn's unauthorized and flagrant violation of the Bankruptcy Code and Rules, the Court determines that the Trustee can prevent the lien from becoming choate with respect to the Debtor's

proportionate share of the Agreement for Judgment as the judgment was an unauthorized and void post-petition transfer. Section 549 of the Bankruptcy Code provides in relevant part:

(a) ... the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and ...

(2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549. Transfer "means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property...." *Id.* § 101(58)[54]. Although under Massachusetts law the attorney's lien relates back to the commencement of the representation, both the substitution of the judgment for the cause of action and the transfer of funds from the Defendant to Wynn & Wynn in purported satisfaction of that lien are subject to avoidance.

■ The Plymouth Superior Court judgment and the proceeds derived from the judgment are property of the Debtor's bankruptcy estate as a substitute for the cause of action that was not listed on the Debtor's schedules or abandoned by the Trustee. *See* 11 U.S.C. § 541(a)(6). Moreover, the judgment is unenforceable against the bankruptcy estate and, void vis a vis the Debtor and the Trustee, although the judgment is binding and enforceable against those parties duly authorized to enter into the Agreement for Judgment, namely the remaining Plaintiffs and the Defendant. Under these circumstances— the absence of Court authority for both the employment of Wynn & Wynn and the compromise embodied in the Agreement for Judgment—Wynn & Wynn's lien "evaporated" with respect to the Debtor's share of the proceeds from the Agreement for Judgment in the same way it would if the case had been lost. In short, for an attorney's lien to be enforceable, a condition subsequent must occur, namely the entry of a judgment or other decree in the client's favor to which the lien can attach. Because of this Court's determination that the Agreement for Judgment is void vis a vis the Trustee and the estate, there is nothing to which Wynn & Wynn's asserted lien can attach.

Section 542 of the Bankruptcy Code provides in relevant part:

(a) ... an entity other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). Since Wynn & Wynn is in possession of funds that rightfully belong to the Debtor's Chapter 7 estate, turnover is the appropriate vehicle for the Trustee to obtain those funds.

## IV. CONCLUSION

■ In accordance with the foregoing, the Court hereby allows the Trustee's Motion for Summary Judgment, denies Wynn & Wynn's Motion for Summary Judgment, and denies Wynn & Wynn's Motion for Compensation for their knowing violation of the Bankruptcy Code and Rules. Wynn & Wynn shall forthwith turnover to the Trustee the sum of $9,416.08. As a sanction for unauthorized representation and settlement of a cause of action that belonged to Rothwell's bankruptcy estate, activities that needlessly contributed to increasing the cost of the administration of this bankruptcy case, the Court, pursuant to Fed.R.Bankr.P. 9011, orders Wynn & Wynn to reimburse the Trustee for his reasonable costs and expenses in prosecuting this action. An appropriate order shall enter.