**In re Benny ALBERT, Debtor.**

No. 96–42602–HJB.

United States Bankruptcy Court,
D. Massachusetts.

March 31, 1997.

John B. Howard, Northampton, MA.

Joseph B. Collins, George I. Roumeliotis, Hendel, Collins & Newton, P.C., Springfield, MA, trustee.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court for determination is a "Motion to Determine and Enforce Attorney's Lien" (the "Attorney's Lien Motion") and an "Application for Nunc Pro Tunc Employment of Attorney" (the "Employment Application") (collectively the "Motions") filed by John B. Howard ("Howard"). The Attorney's Lien Motion requests that the Court find that Howard has a valid and enforceable lien in the amount of $13,822.98 for services rendered to the Debtor in connection with certain state court litigation. Similarly, the Employment Application requests the Court to authorize the appointment of Howard as special counsel nunc pro tunc [1] relative to services rendered postpetition in the same litigation. The Chapter 7

Trustee in Bankruptcy, Joseph B. Collins (the "Trustee"), objects to the Motions on the grounds that Howard's lien is avoidable pursuant to 11 U.S.C. §§ 544, 545, and 549, and that Howard has no standing, pursuant to 11 U.S.C. § 327, to file the Employment Application. The issues to be determined are (1) whether a trustee in bankruptcy may avoid an attorney's lien where the cause of action from which the lien arises is commenced prior to a bankruptcy filing, but judgment is not entered until after the bankruptcy filing; (2) whether an attorney has standing to seek post facto authorization for services rendered postpetition; and (3) if so, whether that post facto employment should be approved.

### I. Facts

The parties have stipulated to the following facts.

Howard was retained by the Debtor on September 1, 1995 to represent him in a civil action to collect money from Commonwealth Snack Company and/or its affiliates ("Commonwealth Snack"). The agreed upon fee was the greater of $145.00 per hour or 10 percent of the amount recovered. Howard filed an action against Commonwealth Snack in the Hampshire County Superior Court (the "state court action") and continued to render services related thereto.

The Debtor filed a petition in this Court under Chapter 7 of the Bankruptcy Code on May 14, 1996 (the "Filing Date"). However, Howard did not learn of the bankruptcy case until approximately June 19, 1996 and immediately attempted to contact the Trustee. During a telephone conversation on June 25, 1996, the Trustee informed Howard that he would consider employing Howard as special counsel for the estate, but would first need to review the state court pleadings. A few days thereafter, Howard mailed copies of the pleadings in the state court action to the Trustee.

On July 3, 1996, the Trustee informed Howard that he would not employ Howard as special counsel. On the same date, a default

---

1. The First Circuit has stated that it prefers the term "post facto." *In re Jarvis,* 53 F.3d 416, 418 n. 2 (1995).

judgment was entered in the state court action for the Debtor. Howard performed no further services after this date.

Total services rendered by Howard with respect to the state court action consumed approximately fifty-five hours. Of that total, approximately forty hours (73%) were rendered prior to the Filing Date.

On September 16, 1996, this Court granted the Trustee leave to settle the state court action. As a result, the defendants in the state court action paid the sum of $138,229.77 (the "settlement proceeds") to the Trustee. Subsequently, Howard filed the instant Motions, to which the Trustee objected. After the hearing on the Motions, the Court took the matters under advisement.

## II. Positions of the Parties

Howard argues that, pursuant to Mass. Gen.Laws ch. 221, § 50, he enjoys an attorney's lien in the amount of $13,822.98 against the settlement proceeds held by the Trustee. To the extent that some of his services were rendered postpetition, Howard asserts that his employment should be authorized post facto. Howard contends that post facto employment is appropriate because his services produced a substantial benefit to the estate, and only a very brief period of time passed between the Filing Date and the completion of his work on the case.

The Trustee contends that because judgment on the state court action did not enter until after the Filing Date, Howard's lien is subject to the Trustee's avoidance powers under §§ 544, 545, and 549. As a result, the Trustee asserts that, with respect to services rendered prior to the Filing Date, Howard has merely a general unsecured claim.

With respect to services rendered after the Filing Date, the Trustee argues that Howard has no claim because his employment was not authorized by the bankruptcy court. The Trustee further argues that post facto employment is not appropriate because, pursuant to § 327, only a trustee may seek to employ professionals and, therefore, Howard

has no standing to file the Employment Application.[2]

## III. Discussion

### A. Existence of Attorney's Lien

■ Mass.Gen.Laws ch. 221, § 50 provides:

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom ...

Massachusetts case law is clear that when an attorney files an action, an inchoate lien arises in the attorney's favor. *Billingham v. Wynn & Wynn, P.C. (In re Rothwell)*, 159 B.R. 374, 379 (Bankr.D.Mass.1993); *In re Leading Edge Products, Inc.*, 121 B.R. 128, 131 (Bankr.D.Mass.1990), *aff'd*, Civ.A. No. 90–13112–Z, 1991 WL 97459 (D.Mass. May 28, 1991); *see Cohen v. Lindsey*, 38 Mass. App.Ct. 1, 5, 644 N.E.2d 250, 252 (1995) ("lien takes effect from the authorized commencement of an action in any court"). The lien becomes choate when a judgment, decree, or other order is entered in the client's favor, and attaches to any proceeds derived therefrom. *Rothwell*, 159 B.R. at 379; *Leading Edge Products*, 121 B.R. at 131.

The Trustee does not contest the existence of Howard's inchoate lien as of the Filing Date. Rather, the Trustee argues that because the judgment on the state court action entered after the Filing Date, the lien was not "perfected" and thus is subject to the Trustee's avoidance powers under §§ 544, 545(2), and 549. However, the Trustee neglected to discuss the application of 11 U.S.C. § 546(b) which limits a trustee's avoidance

---

2. The Trustee also initially objected to the Attorney's Lien Motion on the grounds that a request to determine and enforce a lien must be brought

by adversary proceeding. However, the Trustee subsequently waived this objection at the hearing on the Motions.

powers. Section 546(b) provides in relevant part:

(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—

(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection ...

 The purpose of § 546(b) is to protect, in spite of the surprise intervention of a bankruptcy petition, those creditors whom state law allows to perfect their liens or interests against an intervening interest holder. *See 5 Collier on Bankruptcy,* § 546.03[1] (15th ed. rev. 1996) (quoting S.Rep. No. 95–989, at 86–87 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5872–5873; H.R.Rep. No. 95–595, at 371–72 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6327–6328). Section 546(b)(1)(A) does not focus on the date the lien is "perfected"; rather, it focuses on the lien's effect once it is "perfected." *In re Microfab,* 105 B.R. 152, 157 (Bankr.D.Mass.1989). Specifically, § 546(b)(1)(A) explores whether, under state law, a lien, once perfected, takes priority over interests which were perfected before the lien. *Id.* If it does, the trustee in bankruptcy may not avoid the lien. *Id.*

 Bankruptcy courts have held that where state law provides that the effective date of an attorney's lien relates back to the commencement of the attorney's services,

§ 546(b) protects the attorney's lien from being avoided by the trustee. *E.g., Kleer-Span Truss Co., Inc. v. Ray (In re Kleer-Span Truss Co., Inc.),* 76 B.R. 30, 32 (Bankr. N.D.N.Y.1985); *In re Sea Catch, Inc.,* 36 B.R. 226, 233 (Bankr.D.Alaska 1983); *In re PDQ Copy Ctr., Inc.,* 27 B.R. 123, 125 (Bankr.S.D.N.Y.1983).[3] Massachusetts law provides that the attorney shall have a lien "from the authorized commencement of the action." Mass.Gen.Laws ch. 221, § 50; *see Thurston v. Hutchinson (In re Hoy's Claim),* 93 F.Supp. 265, 266 (D.Mass.1950) (lien arises from moment action is filed); *Rothwell,* 159 B.R. at 379; *Leading Edge Products,* 121 B.R. at 131; *Cohen,* 38 Mass.App. Ct. at 5, 644 N.E.2d at 252 (lien takes effect from authorized commencement of an action); John S. McCann, *The Attorney's Lien in Massachusetts,* 69 Mass.L.Rev. 68, 83–84 (1984). *But see United States v. Shearer,* 243 F.Supp. 433, 435–36 (D.Mass.1965) (attorney's lien which was not choate when a tax lien was perfected did not have priority over the tax lien). Thus, once a judgment, decree, or other order is entered, the lien relates back to the date the action was filed. *Rothwell,* 159 B.R. at 380. As a result, the attorney's lien would be superior in priority to any other interest in the recovery which arose between the time the action was filed and when an order entered. Accordingly, Howard has a valid attorney's lien in the settlement proceeds which cannot be avoided by the Trustee.[4]

---

**3.** Other cases have reached the same result without specifically addressing § 546(b). *See, e.g., In re 9 Stevens Cafe, Inc.,* 161 B.R. 96, 98 (Bankr. S.D.N.Y.1993) (where lien takes effect at time services were commenced, trustee in subsequent bankruptcy case takes the property subject to the lien; *In re Ashley,* 41 B.R. 67, 71 (Bankr. E.D.Mich.1984) (since no specific act necessary for perfection of attorney's lien, it is invulnerable to attack by the trustee); *Metro Mach. Corp. v. Berkley Shipbuilding & Drydock Corp. (In re Ward),* 32 B.R. 318, 322 (Bankr.E.D.Va.1983).

Similarly, cases decided under the Bankruptcy Act have reached the same conclusion. *Alioto v. Official Creditor Comm. (In re Pacific Far East Line, Inc.),* 654 F.2d 664, 669–70 (9th Cir.1981); *In re Prudence Co., Inc.,* 96 F.2d 157, 160 (2d Cir.1938) (bankruptcy does not invalidate attorney's liens); *Beach v. Townsend (In re TLC of Lake Wales, Inc.),* 13 B.R. 593, 595 (Bankr. M.D.Fla.1981) (since lien relates back to com-

mencement of services, it is well settled that the lien survives bankruptcy); *In re E.C. Ernst, Inc.,* 4 B.R. 317, 320 (Bankr.S.D.N.Y.1980) (same).

**4.** The *Rothwell* and *Leading Edge Products* cases cited by both parties are distinguishable. In *Rothwell,* the court held that because the settlement to which the lien attached had not been authorized by the court, the settlement was subject to avoidance and the lien "evaporated." 159 B.R. at 380. The court explicitly noted that because the settlement was void, there was nothing to which the lien could attach. *Id.* Similarly, in *Leading Edge Products,* the court addressed whether a settlement which provided for the elimination of a creditor's claim, rather than payment of cash to the attorney's client, constituted "proceeds." The court held that it did not, and therefore, there was nothing to which the attorney's lien could attach. 121 B.R. at 131–32.

## B. Extent of Attorney's Lien

The Court must next determine the extent of Howard's lien. This involves two issues (1) whether the attorney's lien covers services rendered both before and after the Filing Date; and (2) whether the amount of the attorney's lien should be determined in accordance with the contingent fee agreement or by some other method.

■ With respect to the first issue, case law is clear that an attorney's lien can only secure fees for prepetition services. *Sea Catch,* 36 B.R. at 235; *Ward,* 32 B.R. at 321; *E.C. Ernst,* 4 B.R. at 320. Compensation for postpetition services is governed only by the applicable bankruptcy law. *Id.*[5]

■ Regarding the second issue, it is equally clear that the bankruptcy court has the authority to review the reasonableness of prepetition fees secured by an attorney's lien. *E.g., 9 Stevens Cafe,* 161 B.R. at 98; *In re Robert E. Derecktor of Rhode Island, Inc.,* 152 B.R. 14, 17 (Bankr.D.R.I.1993); *Kleer-Span,* 76 B.R. at 32; *In re Leiden Corp.,* 59 B.R. 239, 239 (Bankr.D.R.I.1986) (where attorney's employment was not continued postpetition, contingent fee agreement cannot serve as measure of compensation); *Ward,* 32 B.R. at 322; *PDQ Copy Ctr.,* 27 B.R. at 125–26; *TLC,* 13 B.R. at 596 (bankruptcy court has inherent authority to determine reasonableness of prepetition fees); *see Pacific Far East,* 654 F.2d at 670 (decided under the Bankruptcy Act); *Ashley,* 41 B.R. at 72.

Furthermore, such review is consistent with Massachusetts law. Mass.Gen.Laws ch. 221, § 50 explicitly provides that an attorney has a lien for "reasonable" fees and expenses. In addition, the First Circuit has held that a court has the authority to require attorneys to establish the reasonableness of contingent fee agreements. *Northern Heel Corp. v. Compo Indus., Inc.,* 851 F.2d 456, 476 (1st Cir.1988) (quoting *Snow v. Mikenas,* 373 Mass 809, 812, 370 N.E.2d 1001, 1003 (1977)).[6]

■ Some of the factors Massachusetts courts use to determine reasonable compensation include the time spent, the skill and experience of counsel, the complexity of the case, the caliber of the services, the success achieved, the demand for the attorney's services by others, prices usually charged for similar services by other attorneys in the same area, and the value of the property affected by the controversy. *Salvini,* 137 F.R.D. at 193; *Phelps Steel, Inc. v. Von Deak,* 24 Mass.App.Ct. 592, 595, 511 N.E.2d 42, 44 (1987); *see Northern Heel,* 851 F.2d at 476–77; *Salem Realty,* 10 Mass.App.Ct. at 576, 410 N.E.2d at 719.

■ No evidence has been provided to the Court as to the reasonable value of Howard's prepetition services. Howard has provided this Court only with the total amount of time spent on the case with a designation of 40 hours prepetition and 15 hours postpetition. This information is insufficient for the Court to determine the reasonableness of Howard's fee. Accordingly, the Court will direct Howard to submit contemporaneous time records reflecting the time invested, as well as the nature, extent, and value of the legal services rendered.

---

In the instant case, there is a court approved cash settlement. Consequently, the lien attaches to those settlement proceeds.

5. Compensation, if any, for that portion of services rendered postpetition is discussed *infra.*

6. Several courts have likened a trustee's decision not to continue employment of a professional postpetition to a discharge of the professional. *See Pacific Far East,* 654 F.2d at 667 (attorney was discharged by failure of debtor in possession to assume contingent fee contract); *Ward,* 32 B.R. at 321 (filing of petition severed attorney-client relationship); *PDQ Copy Ctr.,* 27 B.R. at 125 (attorney was discharged by failure of debtor in possession to assume contingent fee contract); *see also Ashley,* 41 B.R. at 71–72 (court treated attorney's contingency fee agreement as an executory contract).

Where an attorney retained on a contingent fee is later discharged, Massachusetts courts have limited the discharged attorney to quantum meruit compensation. *Salvini v. Flushing Supplies Corp.,* 137 F.R.D. 190, 193 (D.Mass.1991); *Opert v. Mellios,* 415 Mass. 634, 636, 614 N.E.2d 996, 997 (1993); *Salem Realty Co. v. Matera,* 10 Mass. App.Ct. 571, 575–76, 410 N.E.2d 716, 719 (1980), *aff'd,* 384 Mass. 803, 426 N.E.2d 1160 (1981).

## C. Postpetition Services

▮ As previously discussed, Howard's lien can only secure fees earned for his prepetition services. In a bankruptcy case, compensation for postpetition services is available only to professionals whose employment is authorized by the court. 11 U.S.C. §§ 327, 330; *see Jarvis,* 53 F.3d 416. To this effect, Howard has filed the Employment Application seeking post facto employment. The Trustee objects to the Employment Application arguing that Howard does not have standing to seek court authorization for his employment.

The Trustee contends that § 327, by its terms, provides that only a trustee may file an application to employ a professional. Likewise, Fed.R.Bankr.P. 2014 provides that an order approving the employment of professionals "shall be made only on application of the trustee or committee." Several cases support the Trustee's position. *In re WAPI, Inc.,* 171 B.R. 130 (Bankr.N.D.Ala.1994); *In re Office Products of America, Inc.,* 136 B.R. 675 (Bankr.W.D.Tex.1992) (nowhere do the Code or Rules authorize professionals to seek court approval for their own employment); *In re The Charter Co.,* 52 B.R. 267 (Bankr. M.D.Fla.1985).

However, other courts have allowed professionals to apply for employment in limited circumstances. For instance, the Bankruptcy Appellate Panel of the Ninth Circuit has held that when a professional performs services which benefit the estate based on assurances from a debtor or trustee that court approval will be sought, the professional has standing to seek post facto approval for employment if such approval is not sought by the debtor or trustee. *Mehdipour v. Millichap (In re Mehdipour),* 202 B.R. 474, 479 (B.A.P. 9th Cir.1996); *see In re L.D. Patella Constr. Corp.,* 114 B.R. 53, 56 n. 2 (Bankr. D.N.J.1990) (court noted that there may be cases in which the trustee's conduct with respect to the professional estops or other-

wise bars the trustee from denying the professional's retention); *In re Lindo's Tours, USA, Inc.,* 55 B.R. 475, 477 (Bankr.M.D.Fla. 1985) (bankruptcy court has power to consider application to employ even though it was filed by professional and not by trustee or debtor); *see also Atkins v. Wain, Samuel & Co. (In re Atkins),* 69 F.3d 970 (9th Cir.1995) (although issue of standing was not addressed, court allowed professional's employment over debtor's objection).

▮ Although this case involves absolutely no wrongful conduct on the part of the Trustee, Howard rendered services for approximately four weeks without knowledge of the filing of the bankruptcy case. On these facts, the Court holds that an attorney has standing to file an employment application over a trustee's objection.

▮ The merits of the Employment Application are another matter. The First Circuit has ruled that a bankruptcy court may grant post facto authorization only where the employment satisfies the statutory requirements,[7] and the delay in seeking court approval results from extraordinary circumstances. *Jarvis,* 53 F.3d at 422. In *Jarvis,* the First Circuit held that the failure to file an employment application on account of inadvertence did not constitute the extraordinary circumstances warranting post facto employment. *Id.* at 421.

▮ The facts here dictate that the Court evaluate two different time frames to determine whether extraordinary circumstances warranting post facto appointment exist: first, the period between the Filing Date and notice to Howard of the bankruptcy case filing; and second, the period between such notice and notification to Howard of the Trustee's decision not to employ Howard. As to the former, the facts of the instant case are easily distinguishable from those in *Jarvis.* Howard's failure to timely seek authori-

---

7. Although the Court has found that Howard holds a prepetition claim, he may still be employed. The disinterestedness requirement contained in § 327(a) is not applicable to these facts. Instead, pursuant to § 327(c) and (e), the court need only determine whether Howard holds an interest adverse to the estate. *In re Hub Busi-*

*ness Forms, Inc.,* 146 B.R. 315, 322 (Bankr. D.Mass.1992). Post facto employment of Howard with respect to prosecuting the state court action will not adversely effect either the administration or the outcome of the bankruptcy case. *See id.*

zation for his services was due, not to inadvertence, but to his lack of knowledge of the bankruptcy filing. It was impossible for Howard to receive court authorization prior to June 19, 1996.[8] The Court finds these circumstances sufficiently exceptional to warrant post facto appointment. *See In re Snowcrest Dev. Group, Inc.,* 200 B.R. 473, 479 (Bankr.D.Mass.1996) (broker may receive compensation for postpetition services if, among other things, broker can show that services were rendered in response to exceptional difficulties created by the bankruptcy filing).

In contrast, the result should be far different with respect to services rendered by Howard after notification of the bankruptcy case filing. Once prepetition counsel has knowledge of the bankruptcy case filing, services should not be rendered without both the trustee's assent and court authorization (other than in circumstances so extraordinary that post facto authorization can be justified).[9] *See Jarvis,* 53 F.3d at 422. Since Howard has not alleged that the Trustee assented to any services Howard may have rendered after he learned of the bankruptcy case filing, or the existence of any extraordinary circumstances, the Employment Application must be denied to the extent that it seeks post facto authorization for such services.

Since no detail has been provided to the Court as to the nature of Howard's postpetition services, the Court will direct Howard to submit an application for compensation for the period from the Filing Date to June 19, 1996. The Court will then evaluate the application consistent with law and practice in this District.

IV. *Conclusion*

In accordance with the foregoing, the Court holds that Howard has a valid attorney's lien against the settlement proceeds for

8. Although, the Employment Application was not filed until much later, no services were rendered after the Trustee decided not to employ Howard.

9. Parenthetically, such unauthorized services raise two other problems. First, since the debtor's rights vest in the trustee, what right does prepetition counsel have to affect those rights

the cost of reasonable services rendered prior to the Filing Date. The Court also grants the Employment Application with respect to postpetition services rendered by Howard through June 19, 1996. The Employment Application is denied as to services rendered after June 19, 1996. Howard is ordered to file an application for compensation which complies with Local Rule 34 so that the Court can determine the appropriate compensation for services rendered both before and after the Filing Date.

without the trustee's assent? Second, as a basic precept of legal practice, absent the trustee's assent from whom does the attorney receive instruction as to his or her actions? Certainly not from the trustee. And the debtor has no authority to instruct the attorney relative to property of the estate.