Deborah Del Nobile TANENBAUM,
Appellant,

v.

Bernea SMITH, FRIEDMAN &
ASSOCIATES, and Allstate
Indemnity Co., Appellees.

In re Bernea Smith, Debtor.

Friedman & Associates, and Allstate
Indemnity Co., Appellant,

v.

Deborah Del Nobile Tanenbaum,
Chapter 7 Trustee,
Appellees.

Adversary No. 00–5041.
Civ. No. 02–CV–2354.

United States District Court,
D. New Jersey.

Nov. 12, 2002.

Paul J. Maselli, Maselli, Warren & Lanciano, P.C., Princeton, NJ, for appellant.

Jay L. Lubetkin, Booker, Rabinowitz, Trenk, Lubetkin, Tully, Dispasquale & Webster, PC, West Orange, NJ, William H. Oliver, Asbury Park, NJ, Suzanne C. Holz, King, Kitrick, Jackson & Troncone, Brick, NJ, for appellees.

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, Chief Judge.

This matter is before the Court on appeal by the Appellant Friedman and Associates. The Court has decided this appeal based on the submissions of both parties and after hearing oral argument on October 15, 2002.

Bernea Smith ("debtor") filed a Chapter 7 petition on December 28, 1998. The petition did not list her pending claim against Allstate Insurance Company that arose from an automobile accident. Friedman and Associates represented the debtor in the lawsuit and settled the claim post petition in January 1999. The settlement was not disclosed to the Trustee. Ultimately, the Trustee learned of the personal injury action and settlement and Friedman was ordered to disgorge its proceeds from the settlement to Allstate.

The appellant essentially raises two arguments on appeal. First, it argues that the Bankruptcy Court erred in its Order of June 20, 2000, when it granted the Trustee's motion to void the personal injury settlement and ordered the appellant to disgorge its portion of the settlement proceeds to Allstate. Next, it argues that the Bankruptcy Court erred in its Order of March 4, 2002, when, on remand, it granted summary judgment to the Trustee and denied summary judgment to Friedman and Associates on its counterclaim. In granting summary judgment to the Trustee, the Bankruptcy Court found that appellant possessed neither a retaining lien nor a valid statutory attorney lien. Further, it stated that even if it did have a statutory lien, there was nothing to which the lien could attach because the settlement was deemed void.

■ "The bankruptcy court's legal conclusions ... are subject to the district court's plenary review." *Brennan v. Poritz (In re Brennan)*, 198 B.R. 445, 448 (D.N.J.1996). The Court will use this standard to address the appellant's arguments.

■ First, the Court will discuss the June 20, 2000 Order. The Bankruptcy

Court determined that the post-petition settlement entered into between the debtor, Bernea Smith, and Allstate Insurance, was void pursuant to *Fed. Rule of Bank. Pro.* 9019. Based upon this determination, the Court then ordered the appellant to transfer the proceeds of the settlement back to Allstate Insurance, the original payor of the settlement claim. This Court finds no compelling reason to disturb the rulings made by the Bankruptcy Court requiring the appellant to turn over the proceeds of the void settlement.

In its next argument, the appellant asserts that on March 4, 2002, the Bankruptcy Court improperly granted the Trustee's motion for summary judgment. Appellant argues that the law of the case doctrine applies citing *In re Allegheny International, Inc.,* 158 B.R. 361, 367 (Bankr.W.D.Pa. 1993) and that the Bankruptcy Court did not have jurisdiction to entertain the Trustee's motion for summary judgment. The Bankruptcy Court found, and this Court agrees, that it had authority to grant summary judgment to the trustee on remand under an exception to the law of the case doctrine as stated in *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162 (3rd Cir.1982).

■ The Bankruptcy Court then addressed the cross motions for summary judgment filed by Friedman and the Trustee. The court concluded that Friedman does not have a valid retaining lien. *See March 4, 2000 Bankruptcy Transcript* ("Bankr.Tr."), at 7:11–23. A retaining lien will be lost if an attorney transfers a client's files voluntarily. *Industry Network System, Inc. v. Armstrong World Industries, Inc.,* 54 F.3d 150 (3rd Cir. 1995). In the instant case, Friedman transferred the debtor's files without taking the steps necessary to protect the lien. Therefore, the Bankruptcy Court found that even though the transfer was per-

formed pursuant to a subpoena, the transfer was still "voluntary." *See id.* Therefore, the retaining lien was lost.

Finally, the Bankruptcy Court held that the appellant does not have a valid statutory attorney's lien, also known as a charging lien. *See Bankr.Tr.,* at 10:4–20. Appellant argues that *Musikoff v. Jay Parrino's The Mint, L.L.C.,* 172 N.J. 133, 796 A.2d 866 (2002), decided in the intervening time period since the March 4, 2002 hearing, requires a reversal of the lower court's decision.

■ Pursuant to *N.J.S.A.* 2A:13–5, an attorney representing a client has a lien for his or her attorneys' fees against the proceeds of the claim. Appellant argues that *Musikoff* "effectively overrules" *Hoffman & Schreiber v. Medina,* 224 B.R. 556 (D.N.J.1998) cited by the Bankruptcy Court. *See Bankr.Tr.,* at 9:16–17. In *Musikoff,* the Court held that an attorney is "not required to file and enforce a lien petition prior to settlement or judgment in the underlying action." *Musikoff,* 172 N.J. at 146, 796 A.2d 866. In this case, Friedman had not taken steps to perfect its lien pre petition. *See Bank.Tr.,* 10:6–9.

■ The Court is not persuaded to alter the outcome of the case on this issue. As the Bankruptcy Court stated, the debtor's personal injury settlement was deemed void for failure to obtain the consent of the Trustee in reaching the settlement. These facts are inapposite to the situation in the *Musikoff* case. The Court declines to conclude that an attorney who performs the settlement of his or her client's case postpetition without the knowledge of the Trustee, retains a lien in the future proceeds of the claim. *Billingham v. Wynn & Wynn, P.C. (In re Rothwell),* 159 B.R. 374, 379 (Bankr.D.Mass.1993) (finding that the attorneys' unauthorized violation of the Bankruptcy Code and Rules justified the

Court in preventing the statutory lien from attaching to the judgment, a void post-petition transfer). Furthermore, even if the appellant retained a valid statutory lien, there was nothing at the time of the Bankruptcy Court decision to which the lien could attach. *See Bank.Tr.*, at 10:9–14 (citing *Martin v. Martin*, 335 N.J.Super. 212, 762 A.2d 246 (2000)); *see also Billingham*, 159 B.R. at 380.

For the foregoing reasons,

It is on this 31st day of October, 2002.

**ORDERED** that Appellant's appeal is DENIED.