In re SEVEN SPRINGS, INC., Debtor.

SEVEN SPRINGS, INC., Plaintiff,

v.

Neil ABRAMSON, Chesapeake Golf, LP, Richard W. Hudgins, Trustee, Maurice Steingold, Jerbam, Inc., George Hodor, Leon Pollack, Patsy Kole, Glen McCarthy, City of Chesapeake, Defendants.

Bankruptcy No. 91–25189–T.
Adv. No. 92–2030–T.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Nov. 20, 1992.

Outland, Gray, O'Keefe & Hubbard, Chesapeake, VA, for Maurice Steingold and Jerbam, Inc.

Bruce H. Matson, Jack Cahill, Otto Konrad, Hazel & Thomas, P.C., Richmond, VA, for Seven Springs, Inc.

Neil Abramson, Chesapeake, VA, pro se.

Joseph R. Mayes, Virginia Beach, VA, for Patsy Cole.

Richard W. Hudgins, Newport News, VA, trustee.

William F. Devine, Hofheimer, Nusbaum, McPhaul & Samuels, Norfolk, VA, for City of Chesapeake.

John D. Padgett, Jett, Berkley, Furr & Padgett, Norfolk, VA, for George Hodor and Leon Pollack.

MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial on the debtor's complaint in this adversary proceeding was held on October 8, 1992. Among preliminary matters considered by the court just prior to trial were the alternative motions of defendants Maurice Steingold and Jerbam, Inc., (1) to dismiss the cross claim of Neil Abramson and Chesapeake Golf, LP, (2) to grant summary judgment against Abramson and Chesapeake Golf, or (3) for this court's abstention from issues raised by the cross claim. (Chesapeake Golf, LP, is an entity owned and controlled by Abramson. For purposes of this opinion, reference to Abramson will also include where appropriate Chesapeake Golf, LP.)

After hearing argument by counsel and by Mr. Abramson pro se, this court ruled from the bench that the motions would be granted insofar as abstention was requested, and trial proceeded on other issues. This opinion elaborates on the court's abstention ruling. At the time this opinion is issued, the court has not made a ruling on issues raised during the trial.[1]

*Facts*

In this adversary proceeding, the chapter 11 debtor-in-possession filed a complaint seeking quiet title to real property owned by the debtor which property has been developed as eight holes of an 18 hole golf course. The defendants have asserted various claims to or against the property. Perhaps the most remarkable claim was made by Neil Abramson, who signed and recorded a deed which purported to convey title to debtor's realty to Chesapeake Golf, LP. As this court has previously held in Adv.Pro. No. 91-2271-T, Abramson made this purported conveyance without any authorization from the debtor, and neither he nor Chesapeake Golf have any interest in the property.

Defendant Jerbam, Inc., is the present owner of the adjacent ten holes and other amenities of the golf course by virtue of a foreclosure of a deed of trust held by defendant Steingold. In the instant adversary proceeding Jerbam and Steingold filed a counterclaim against the debtor, which in substance seeks to impose a constructive trust on the debtor's realty for the benefit of themselves and other creditor interests.

Abramson filed the cross claim in question in his own behalf and for Chesapeake Golf against, among others, Jerbam and Steingold, by which he asserts an interest in the adjacent ten holes of the golf course presently held by Jerbam. Jerbam's real property is not property of the estate in this case, and Jerbam's title is not in issue in this adversary proceeding except as raised by Abramson.

The case of *Steingold Companies, Ltd. v. Neil Abramson and Chesapeake Golf, L.P.* (Chancery No. 29698) is pending in the Circuit Court of the City of Chesapeake, Virginia; the subject matter of this suit is Abramson's alleged title in or claim against the property of Jerbam, Inc. At the time of hearing on the instant motion, trial in this circuit court case was set for November 9, 1992. This court previously granted relief from stay in various cases before it in order to allow the state court suit to proceed since the dispute over Abramson's claim to Jerbam's property is one that should be resolved by the Virginia courts. This court's granting relief from stay was upheld by the United State Court of Appeals for the Fourth Circuit. *In re The Steingold Companies, Ltd.*, No. 91-1807, 960 F.2d 147 (Unpublished Opinion, 4th Cir. April 24, 1992).

*Discussion And Conclusions of Law*

As I understand Abramson's position, he claims to hold a partnership interest with members of the Maurice Steingold family (or with entities controlled by them) in the

1. Chesapeake Golf, LP, was formerly a debtor in a pending bankruptcy case which has since been dismissed. In that case, this court ruled that Abramson, as a nonlawyer, could not act as attorney for the partnership. However, for the purposes of the present motion since it appears that Abramson is the sole owner of this entity, the court has accepted his filing of the answer and cross claim on behalf of Chesapeake Golf, LP.

ten hole portion of the golf course adjacent to debtor's property. This is the issue which is currently in litigation in the Virginia circuit court in the case mentioned above and which this court has previously declined to hear by granting a motion for relief from stay. Abramson asserts further that if he does hold his alleged interest in the property then he has an interest in the counterclaim which Maurice Steingold and Jerbam filed against debtor in the instant adversary proceeding, and he should be allowed to participate in the trial in support of the counterclaim. However, to complete the circle, in order to participate in the counterclaim, Abramson would first have to establish his partnership interest. As an evidentiary matter this would have added significantly to the trial time. Debtor here has no possible claim or interest in Jerbam's realty.

A motion for a bankruptcy court to abstain from hearing a case or proceeding is governed by 28 U.S.C. § 1334. Although the § 1334 provisions refer only to the "District Court," Bankruptcy Rule 5011(b) provides that the motion be heard by the bankruptcy judge and treated as a contested matter within the bankruptcy case. Section 1334 contains provisions for mandatory and permissive abstention. ·

MANDATORY ABSTENTION.

Section 1334(c)(2) mandates abstention by the district court in certain instances.

Upon *timely motion* of a party in a proceeding based upon a *State law claim* or State law cause of action, *related to* a case under title 11 *but not arising under* title 11 or arising in a case under title 11, with respect to which an action *could not have been commenced in a court of the United States* absent jurisdiction under this section, the district court *shall abstain* from hearing such a proceeding *if an action is commenced*, and can be *timely adjudicated*, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

■ Section 1334(c)(2) basically presents a six-part test for determining whether mandatory abstention applies:

(1) A party to the proceeding must file a timely motion to abstain;

(2) The proceeding is based on a state law claim;

(3) The proceeding is a "non-core, but related to" proceeding;

(4) There is no basis for federal court jurisdiction other than Section 1334;

(5) An action is commenced in state court; and

(6) The state court action can be timely adjudicated.

See *Marshall v. Michigan Department of Agriculture (In re Marshall)*, 118 B.R. 954, 958 (W.D.Mich.1990); *Lewis S. Adams & Jacquelyn K. Adams, v. Grand Traverse Band of Ottowa and Chippewa Indians Econ. Dev. Authority (In re Adams)*, 133 B.R. 191, 195 (Bankr.W.D.Mich.1991).

Initially the court notes that part one of the test is clearly satisfied since no party has raised an issue concerning the timeliness of Jerbam's motion to abstain.

■ In order to satisfy part three of the test the court must find it has jurisdiction over this matter as a "non-core, but related to" proceeding as set out in 28 U.S.C. § 157(c)(1). Abramson's cross claim is based on state partnership law. Accordingly, this court finds Abramson's cross claim is not a core proceeding for the following reasons:

(1) it is not specifically identified as a core proceeding under § 157(b)(2)(B),

(2) it existed prior to the filing of the bankruptcy case,

(3) it would continue to exist independent of the provisions of Title 11, and

(4) the parties rights obligations or both are not significantly affected as a result of the filing of the bankruptcy case.

*In re Marshall*, 118 B.R. at 963 (citing *Matter of Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 888 (Bankr. S.D.Ohio 1987)).

■ Although Abramson's cross claim is not a core proceeding I believe it qualifies as a "related to" proceeding under 28 U.S.C. § 157(c)(1). If Abramson succeeds on his cross claim against Jerbam and Jer-

**818**

bam succeeds on its counterclaim against the debtor a relation (although remote) between Abramson's cross claim and the debtor's bankruptcy case becomes apparent. Accordingly, this court believes it has "non-core, but related to" jurisdiction over Abramson's cross claim and part three of the mandatory abstention test is satisfied.

Under parts two and four of the test, this court must decide whether the issue presented constitutes a state law claim or cause of action which could not otherwise be brought in federal court or at least in this bankruptcy case. In summary, we have an attempt by one non-debtor to litigate a claim against other non-debtors concerning non-estate property. The cross claim raises an issue limited to state partnership law, and the outcome of the issue has an extremely remote relationship to the debtor's chapter 11 case. Furthermore, Abramson could never have brought his claim against Steingold and Jerbam in federal court except as he has through this bankruptcy case. Therefore, parts two and four of the mandatory abstention test are satisfied.

Lastly, parts five and six of the test are also satisfied. The issue has been pending for some time in state court and at the time of hearing was set for an early trial to take place within a month.

These facts can lead to but one result. This court must abstain from the cross claim pursuant to 28 U.S.C. § 1334(c)(2).

PERMISSIVE ABSTENTION.

Even if mandatory abstention did not apply here, this court would voluntarily abstain from giving Abramson another forum to litigate his alleged partnership interest. 11 U.S.C. § 1334(c)(1); *see National Union Fire Ins. Co. of Pittsburgh, Pa. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 332–33 (8th Cir.1988); *Foley Co. v. Aetna Casualty & Surety Co., (In re S & M Constructors, Inc.)*, 144 B.R. 855, 863 (Bankr.W.D.Mo.1992).

A separate order will be entered.