David **MILLER**, et al., Plaintiffs,

v.

**PACIFIC SHORE FUNDING,**
et al., Defendants.

No. CIV.S–02–569.

United States District Court,
D. Maryland.

Nov. 22, 2002.

---

Fred Thompson, Daniel O. Myers, Kevin Oufnac, A. Hoyt Rowell, III, Ness Motley PA, Mt. Pleasant, SC, Joseph Christopher Garland, Law Offices of Joseph C. Garland, Towson, MD, Edwin David Hoskins, Law Offices of E. David Hoskins LLC, Baltimore, MD, for plaintiffs.

Leah Schmulewitz Getlan, Cynthia G. Swann, Weiner Brodsky Sidman Kider PC, Washington, DC, Philip M. Andrews, Kramon and Graham, Baltimore, MD, Gerard J. Gaeng, Rosenberg Proutt Funk and Greenberg LLP, Baltimore, MD, Lee Scott Kaminetz, Craig L. McCullough, Rosenberg Proutt Funk and Greenberg LLP, Baltimore, MD, James W. Bentz, Roy W. Arnold, Thomas L. Allen, John M. McIntyre, Reed Smith LLP, Pittsburgh, PA, Russell J. Pope, Pope and Hughes PA, Towson, MD, John Henry Lewin, Jr., Venable Baetjer and Howard LLP, Baltimore, MD, Denise Esposito, Thomas Julian Page, Daniel H. Squire, Wilmer Cutler and Pickering, Washington, DC, Daniel Joseph Tobin, Kirkpatrick and Lockhart LLP, Washington, DC, for defendants.

## MEMORANDUM OPINION

SMALKIN, Chief Judge.

This matter comes before the Court on a motion for class certification under Federal Rule of Civil Procedure 23, filed by the plaintiffs, David and Rosalie Miller ("the Millers"). In their opposition to the motion, the defendants, Pacific Shore Funding ("Pacific") and GMAC–Residential Funding Corp. ("Residential"), tendered evidence suggesting that the Millers lack standing to bring or pursue this cause of

action. Because standing undergirds subject-matter jurisdiction, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the Court ordered the Millers to show cause why the Court should not dismiss this suit, without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3). The Millers have responded. As the issue has been adequately briefed, no oral hearing is necessary. Local Rule 105.6 (D.Md.).

## BACKGROUND

The relevant facts are few and undisputed. The Millers, and one other plaintiff, Chima Gilbert–Iheme ("Mr. Gilbert–Iheme"), filed this putative class action in the Circuit Court for Baltimore City on January 16, 2002. The three-count complaint against Pacific, Residential, and others alleged that Pacific routinely charged and collected excessive or unauthorized fees in conjunction with loans secured by junior mortgages on the plaintiffs' residences. The fees allegedly violated provisions of the Maryland Secondary Mortgage Loan Law ("SMLL"), Md.Code Ann., Com. Law II §§ 12–401 through –415 (1975, 2000 Repl.Vol. & Supp.2002). The Millers' loan, in particular, closed on February 22, 2000.[1] Defendants timely removed the case to this Court, and each filed motions to dismiss some or all of the plaintiffs' claims.

By order dated May 16, 2002, the Court dismissed all of Mr. Gilbert–Iheme's claims, and all but one of the Millers' claims. *Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 996–97 (D.Md.2002). Solely the Millers' claim under the SMLL remains, for which they now seek class certification.

Through discovery, however, the defendants have learned that the Millers filed for Chapter 7 bankruptcy protection on January 16, 2001—some eleven months after the loan closing that grounds the instant action, and a year prior to the state-court filing. *See* Pacific's Opp'n, Ex. 2 (Voluntary Petition and Statement of Financial Affairs and Schedules, Case No. 01–50689 (Bankr.D.Md.2001)). As the Bankruptcy Code requires, the Millers attached to their bankruptcy petition a statement of financial affairs and schedules of assets and liabilities. *Id.; see also* 11 U.S.C. § 521(1); Bankr.Rule 1007. Although they listed their secondary mortgage loan from Pacific as a liability, they never listed as an asset or otherwise identified any cause of action against Pacific or Residential. Deborah H. Devan, Esq., was duly appointed trustee for the Millers' bankruptcy estate. *See* Residential's Opp'n, Ex. 11 (Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines). On April 30, 2001, the bankruptcy proceeding was closed, and the Millers obtained a discharge. *See* Pacific's Opp'n, Ex. 2 (Discharge of Debtor, Case No. 01–50689 (Bankr.D.Md.2001)).

## ANALYSIS

■ The act of filing a petition for relief under the applicable chapter of the Bankruptcy Code commences a bankruptcy case and creates an estate that comprises "*all* legal or equitable interests of the debtor in property as of" the filing date. 11 U.S.C. §§ 301–303, 541(a)(1)(emphasis added). At that time, "the debtor's interests in property vest in the bankruptcy estate, and the debtor surrenders the right to dispose of or otherwise control the estate property." *Richman v. Garza (In re*

---

1. The Millers earlier alleged that the loan at issue closed on February 2, 2000. Compl. ¶ 28. All parties now seem to agree, however, on the later date. Pls.' Motion at 6; Pacific's Opp'n at 1; Residential's Opp'n at 31.

Richman), No. 96–2156, 1997 WL 360644, at *1 (4th Cir. July 1, 1997). The bankruptcy trustee, as representative of the estate, has exclusive authority to use, sell, or lease estate property. 11 U.S.C. §§ 323(a), 363(b)(1).

Property of the estate includes *all* of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition. *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 980–81 (4th Cir. 1984). And "all," 11 U.S.C. § 541(a)(1), means "all": Congress meant what it said and said what it meant. *Cf.* Theodore Seuss Giesel, Horton Hatches the Egg *passim* (1940)(iterating the faithful elephant's reflection on the sanctity of his promise to tend the wayward Mayzie bird's egg, "I meant what I said, and I said what I meant"). Even a cause of action that the debtor, when filing the petition, did not know the law granted belongs to the estate. 5 Collier on Bankruptcy ¶ 541.08 (Alan N. Resnick et al. eds., 15th ed. rev.2002). Property of the debtor does not escape the bankruptcy estate merely because the debtor is unaware of its existence. Moreover, "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir.1999); *see also* 11 U.S.C. § 323(b)("The trustee ... has capacity to sue and be sued.").

Maryland law determines when the Millers' cause of action under the SMLL accrued. *See Richman*, 1997 WL 360644, at *1 ("The nature and existence of the [debtors'] interest in property as of the commencement of their [bankruptcy] case is governed by applicable non-bankruptcy law."). Under Maryland law, a cause of

action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury. *Heron v. Strader*, 361 Md. 258, 264, 761 A.2d 56 (2000); *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 96, 756 A.2d 963 (2000); *Edwards v. Demedis*, 118 Md.App. 541, 566, 703 A.2d 240 (1997); *see also O'Hara v. Kovens*, 305 Md. 280, 302, 503 A.2d 1313 (1986)(defining notice as "knowledge of circumstances which would cause a reasonable person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [wrong]").

When the Millers obtained their loan from Pacific, they were charged all of the fees and expenses of which they complain. On that date, therefore, almost one year before they filed their bankruptcy petition, "the legally operative facts permitting the filing of [their] claim[ ] came into existence." *Heron*, 361 Md. at 264, 761 A.2d 56. Furthermore, the charges were all expressly identified on the face of the loan documents they signed. Thus, at the closing of the loan, the Millers also had sufficient knowledge of circumstances indicating they might have been harmed. *See O'Hara*, 305 Md. at 302, 503 A.2d 1313. Accordingly, their cause of action under the SMLL accrued no later than February 22, 2000.[2]

Therefore, the moment the Millers filed their bankruptcy petition on January 16, 2001, all their interests in the instant cause of action became property of the bankruptcy estate. Unless the Millers can show that the claim was exempt from the estate or abandoned by the trustee, they have no

2. The Court has more carefully analyzed the issue of accrual in this case with respect to the claims of Mr. Gilbert–Iheme. *See Miller,* 224 F.Supp.2d 977, 986–91. The same analysis applies, *mutatis mutandis,* to the remaining claim of the Millers.

standing to bring or pursue it—only the trustee may do so. *See Nat'l Am. Ins. Co.,* 187 F.3d at 441.

An asset is exempt from the bankruptcy estate if: (1) the debtor lists it as a claimed exemption; (2) no party in interest objects; and (3) a statute authorizes the exemption. 11 U.S.C. § 522(b) and (1); Bankr.Rule 4003(a)-(b); *see also Wissman v. Pittsburgh Nat'l Bank,* 942 F.2d 867, 870 (4th Cir.1991). Here, the Millers never listed their cause of action as an asset they intended to claim as exempt. Pacific's Opp'n, Ex. 2 (Statement of Financial Affairs and Schedules, Schedule C). It therefore remains property of the bankruptcy estate, unless the trustee has abandoned it.

A trustee may abandon estate property in three ways. 11 U.S.C. § 554(a)-(c); *see also Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 26 (W.D.Va.1993). First, the trustee, after notice and a hearing, may abandon any property deemed burdensome or of inconsequential value to the estate. *Id.* § 554(a). Second, the bankruptcy court, at the request of a party and after notice and hearing, may order the trustee to abandon any property. *Id.* § 554(b). Finally, property is abandoned by operation of law if it has been formally scheduled and not otherwise administered at the time the bankruptcy case is closed. *Id.* § 554(c)("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of the case is abandoned to the debtor ....").

Here, the trustee never abandoned the cause of action at issue under § 554(a);

the bankruptcy court never ordered the trustee to abandon it under § 554(b); and the Millers never scheduled it under § 521(1) so as to permit abandonment under § 554(c). *See* Pacific's Opp'n, Ex. 2 (Statement of Financial Affairs and Schedules, Schedule B). It matters not that the Millers could not have listed their claim because they were, at the time, unaware of their rights under the SMLL. *See supra.* As often, ignorance of the law is no excuse. *See, e.g., Miller,* 224 F.Supp.2d 977, 986–87 (explaining that knowledge of facts, not actual knowledge of their legal significance, starts a statute of limitations running). Accordingly, the instant cause of action belongs not to the Millers, but to the bankruptcy estate.[3] 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *see also Stanley,* 156 B.R. at 26–27 (finding that when a debtor failed to list a cause of action among his schedule of assets, the claim belonged to the estate—even after the debtor's discharge in bankruptcy—and could be asserted only by the trustee).

The Millers, therefore, have no standing to sue. And without standing, they can represent neither themselves nor any members of a putative class. *See Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 694 (E.D.Pa.1973)("Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made. Without standing, one cannot rep-

---

**3.** In their response to the Court's show cause order, the Millers contend that they may maintain some cause of action under the SMLL as "a separate and distinct claim" from any that belongs to the bankruptcy estate because they have "continued to pay interest on the loan" after their bankruptcy case

closed. Pls.' Reply at 2. Their argument assumes that a new and actionable violation of the SMLL occurs whenever they pay a mortgage bill—an argument this Court has specifically rejected. *See Miller,* 224 F.Supp.2d 977, 989–91. There is but one cause of action here, and it belongs to the bankruptcy estate.

resent a class."). As the Millers lack standing and no other named plaintiff remains, the Court must dismiss the complaint for want of subject-matter jurisdiction.

### CONCLUSION

For the foregoing reasons, a separate order will be issued: DISMISSING the complaint without prejudice, for lack of subject-matter jurisdiction, under Federal Rule of Civil Procedure 12(h)(3); and MOOTING the plaintiffs' motion for class certification.