In re Mark E. **AHEARN, L. Marlene Ahearn, Chapter 7 Debtors.**

**Kepley Broscious, PLC, Plaintiff,**

v.

**Mark E. Ahearn, Bruce E. Robinson, Chapter 7 Trustee of the Estate of Mark E. Ahearn, Woodfin Heating, Inc., Ronnie Anthony Jones, aka Ronnie A. Jones, Defendant.**

**Bankruptcy No. 99–35638–DOT.**
**Adversary No. 03–03023–DOT.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 30, 2003.

James D. Kepley, Jr., Richmond, VA, for plaintiff.

Robert H. Chappell, III, Richmond, VA, for Chapter 7 Trustee.

Charles E. Ayers, Jr., Ayers & Stolte, P.C., Richmond, VA, for Woodfin Heating.

John H. Goots for Ronnie A. Jones.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Chief Judge.

This adversary proceeding was filed initially on January 13, 2003, as a Bill of Interpleader (under Virginia Code § 8.01–364) in the Circuit Court of the City of Richmond, Virginia (styled *Kepley Broscious, PLC v. Woodfin Heating, Inc.*, No. 760 CH3000047–00). The plaintiff, Kepley Broscious, PLC, is substitute trustee under a first deed of trust on real property located in the City of Richmond at 2003 Grayland Avenue.

Defendant Bruce E. Robinson, who is trustee in bankruptcy for defendant Mark E. Ahearn, removed the action to this court pursuant to 28 U.S.C. § 1452 by notice of removal filed February 14, 2003. Defendant Woodfin Heating, Inc., filed a motion in response to the trustee's removal on February 25, 2003.[1] Because Woodfin opposes the trustee's position in this case, the court treats Woodfin's response as a motion to abstain under 28 U.S.C. § 1334(c) and to remand under 28 U.S.C. § 1452(b) and Fed. R. Bankr.P. 9027(d).

Woodfin's only argument in its response and at a subsequent hearing is that the cash interpleader fund is not an asset of the Ahearn bankruptcy estate. Thus Woodfin has not addressed the issues that this court must resolve on a motion to abstain and remand. The determination of entitlement to the fund will be made upon a trial on the merits of the interpleader, and it would be premature for this court to decide that issue at this time. In addition to the removal and abstention issues, the court must consider whether the trustee had abandoned the asset when he closed the debtor Ahearn's bankruptcy case in 1999.

For reasons stated below, the court finds that the trustee did not abandon the asset upon closing the case. The court will not abstain, and the motion to remand will be denied.

### Facts.

On June 12, 1997, debtor Mark Ahearn sold a convenience store located at 2003 Grayland Avenue, City of Richmond, Virginia, and received as part of the purchase a promissory note secured by a second deed of trust lien on the property. At that time the purchaser executed a note secured by

---

1. The debtors' joint chapter 7 bankruptcy case was filed on August 19, 1999, and closed as a no-asset case on December 30, 1999. On February 5, 2003, after the trustee had been served in the interpleader action, he filed a motion to reopen the case, which motion was granted on February 6, 2003. Subsequently, Woodfin Heating, Inc., filed a motion to reconsider the court's order reopening the case, which motion was denied by order entered March 5, 2003.

a first deed of trust on this realty in favor of Commonwealth Bank.

Mark and Marlene Ahearn filed a joint chapter 7 bankruptcy petition on August 19, 1999. In their petition and schedules, the debtors did not schedule any interest of Mr. Ahearn in the Grayland Avenue note and deed of trust.

Bruce E. Robinson was appointed debtors' trustee in bankruptcy. At the § 341 meeting held on September 13, 1999, debtors' counsel informed the trustee of the note. The trustee did not administer the note during his administration of the case. Neither the note nor a purported assignment of the note, nor any underlying debt related to the note, was ever scheduled on any amended schedule filed in the debtors' case.

On December 6, 1999, the trustee filed a Report of No Distribution, and the bankruptcy case was closed as a no asset case on December 30, 1999. The debtors received their chapter 7 discharge on December 19, 1999.

On September 26, 2002, Commonwealth Bank caused its note secured by first deed of trust to be foreclosed by plaintiff Kepley Broscious, PLC, substitute trustee under the deed of trust. Following foreclosure and payment of the first deed of trust note, the substitute trustee held excess proceeds of $86,634.18, which amount is the subject of the instant interpleader adversary proceeding. The fund is claimed by debtors' trustee in bankruptcy and by Woodfin Heating, Inc.

After the trustee was served with the interpleader, he removed the action to this court and moved to have debtors' bank-ruptcy case reopened so that he might claim and administer the surplus foreclosure proceeds. The court granted the trustee's motion to reopen by order entered February 6, 2003.

*Discussion and Conclusions of Law.*

Although evidence has not been taken in this adversary proceeding, it appears from the argument at hearing and in various pleadings that Woodfin Heating claims entitlement to the interpleaded funds by virtue of an assignment of the second deed of trust note from debtor Mark Ahearn on December 22, 1998. The trustee's position is that the assignment may have been invalid, and, if so, debtor's interest in the note along with the proceeds from the foreclosure sale is an asset of the bankruptcy estate. The issue of entitlement to the fund awaits a trial on the bill of interpleader.

An important preliminary issue is whether the debtor's interest in the second deed of trust note was abandoned in the original administration of the bankruptcy case. If abandoned, the foreclosure proceeds are not an asset of the bankruptcy estate, and the interpleader must be remanded to the circuit court. If there was no abandonment then this court must determine whether to retain the interpleader for trial here or to abstain and remand the interpleader for decision by the state circuit court.

ABANDONMENT

■ A fundamental concept of bankruptcy is that a trustee may abandon property of the estate that is of no consequence or burdensome, as provided in 11 U.S.C. § 554.[2] Although the debtors did not list

---

**2.** Abandonment of property of the estate

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of

any interest in the subject note in their petition, statements or schedules, the trustee acknowledged at hearing that he had been informed of the note during the debtors' § 341 meeting. Debtors never amended their schedules to list any interest in the note.

There are three ways in which property of an estate can be abandoned. Section 554(a) provides for entry of an order of abandonment when a trustee determines that estate property is burdensome or of little benefit to the estate. Section 554(b) authorizes the court to order abandonment of property upon request of a party in interest. "Formal" abandonment under these two methods requires notice and a hearing prior to entry of an order.

■ The third method, a "technical abandonment," is provided by § 554(c). *See In re Shelton,* 201 B.R. 147, 154 (Bankr.E.D.Va.1996). Under this provision, "[u]nless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). Thus, scheduled estate assets that the trustee does not administer or formally abandon are revested in the debtor when the case is closed.

Courts in the Fourth Circuit have consistently required a prior, formal scheduling of an asset in order for that asset to be abandoned at the close of the case under § 554(c). *See Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 27 (W.D.Va. 1993) (quoting *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991)) ("in order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case."); *Miller v. Pac. Shore Funding,* 287 B.R. 47, 51 (D.Md.2002); *In re Avis,* No. 95–12007–AM, 1996 WL 910911, at *5, 1996 Bankr.LEXIS 1948, at *15 (Bankr. E.D.Va. Mar.12, 1996). *See also Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991); 3 Norton Bankr.L. & Prac.2d § 53:4 (2003) ("if the property is scheduled, 554(c) applies; if the property is not scheduled, § 554(d) applies").[3]

As stated above, the debtor's interest in the second deed of trust note was never scheduled in the bankruptcy, and it was not administered by the trustee. It follows from the cited authorities that notwithstanding any information disclosed to the trustee at the § 341 meeting, the trustee's claim to the asset remains in the debtor's bankruptcy estate. "Courts have held that assets were not abandoned when they were not listed in the debtor's schedules even though the Chapter 7 Trustee was aware of the asset during the Chapter 7 case." *Id; see Vreugdenhill,* 950 F.2d at 525 (informal communication with the trustee about an asset); *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983) (listing of

the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

3. 11 U.S.C. § 554(d) guarantees that the estate shall retain all property not abandoned under 554(a),(b), or (c) or administered by the trustee; thus, if § 554(d) applies, debtor has no right to the property.

asset in statement of financial affairs, giving trustee "constructive notice" of its existence); *Pace v. Battley (In re Pace)*, 146 B.R. 562, 566 (9th Cir. BAP 1992) (trustee knew about asset); *Conklin v. St. Lawrence Valley Educ. Television Council, Inc.*, No. 93–CV–984, 1994 WL 780898, at *3 (N.D.N.Y.1994) (listing of asset in schedule of financial affairs and trustee knowledge of asset); *Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir.1995) (whether trustee knew of property does not affect abandonment under section 554(c) if property was not scheduled); *see also* 5 Collier on Bankruptcy ¶ 554.03 (Alan N. Resnick & Harry J. Summer, 15th ed. Rev., 2003).[4]

The court finds that in this case the subject property interest of debtor Mark Ahearn was not abandoned, and it therefore remains potentially an asset of the estate subject to claim by the trustee.

REMAND

■ The trustee removed the Richmond Circuit Court interpleader action to this court pursuant to 28 U.S.C. § 1452(a).[5] Whether this court should remand the action to the circuit court is governed by § 1452(b), which gives this court broad discretion to remand "on any equitable ground." 28 U.S.C. § 1452(b). *see* 1 Collier on Bankruptcy ¶ 3.07[5] (Lawrence P.

King et al., 15th ed. rev.2003). Some equitable factors considered by courts under this provision include:

> the court's duty to decide matters properly before it; ... whether purely state law matters which could be better addressed by the state court are involved; ... prejudice to involuntarily removed parties; ... comity considerations; ... economical and/or duplicative use of judicial resources; ... effect a remand decision would have on the efficient and economic administration of the estate.

*Lone Star Indus., Inc. v. Liberty Mut. Ins.,* 131 B.R. 269, 273 (D.Del.1991); *see also JMB Cap. Partners L.P. v. CRT Cap. Group LLC (In re NTL, Inc.),* 295 B.R. 706, 719 (Bankr.S.D.N.Y.2003).

Because similar equitable considerations are pertinent to the court's decision on abstention, they will be considered with that issue below.

ABSTENTION

■ A motion for a bankruptcy court to abstain from hearing a case or proceeding is governed by 28 U.S.C. § 1334. Bankruptcy Rule 5011(b) provides for the motion to be treated as a contested matter within the bankruptcy case. Section 1334 contains provisions for mandatory and per-

---

**4.** *Contra, In re Hill,* 195 B.R. 147, 150–51 (Bankr.D.N.M.1996) (cause of action deemed abandoned; it was listed in the debtor's statement of financial affairs, was discussed with the trustee by debtor's attorney at the § 341 meeting, and the trustee in his trustee's report abandoned "any and all assets listed in the statements and schedules filed").

**5.** § 1452 Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

missive abstention. *Seven Springs, Inc. v. Abramson (In re Seven Springs, Inc.)*, 148 B.R. 815, 817 (Bankr.E.D.Va.1992). Because the instant interpleader action involves a claim by the bankruptcy trustee to a possible asset of the estate, the court treats the action as a core proceeding as defined in 28 U.S.C. § 157(b). Therefore, the mandatory abstention provisions of § 1334(c)(2) are not applicable.[6]

■ Under 28 U.S.C. § 1334(c)(1) the bankruptcy court has discretion to abstain from hearing a particular proceeding arising under title 11 in the interests of justice or comity with state courts (permissive abstention).[7]

■ Courts have considered several factors when determining whether to exercise permissive abstention:

(1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C.2001). *See also In re Dunes Hotel Assocs.*, No. CIV.A.94–75715–W, 1996 WL 33340785, at *7 (Bankr.D.S.C. July 11, 1996).

In the instant interpleader, Woodfin Heating and the debtors' bankruptcy trustee dispute the ownership of excess cash proceeds from a foreclosure by a first deed of trust holder against realty formerly owned by debtor Mark Ahearn. Debtor had sold the realty and received a promissory note secured by a second deed of trust on the property. He subsequently executed an assignment of the note in favor of Woodfin. Woodfin thus claims the excess foreclosure proceeds under the assignment. Debtor's trustee has asserted that the assignment may not have been valid, which would bring the proceeds into the bankruptcy estate.

The court has carefully considered the 12 factors relative to permissive abstention. The validity of an assignment of a deed of trust note is purely a state law issue that ordinarily would be best left to the state court. On the other hand, the issue is not complex, the interpleader can be expeditiously and economically resolved by this court, and, if the fund is an asset of the bankruptcy estate, it is important to the administration of the bankruptcy case.

---

**6.** 28 U.S.C. § 1334(c)(2) requires the district (and bankruptcy) court to abstain from a proceeding where the following factors are present:

1) A party to the proceeding must file a timely motion to abstain; 2) The proceeding is based on a state law claim; 3) The proceeding is a "non-core, but related to" proceeding; 4) There is no basis for federal court jurisdiction other than section 1334; 5) An action is commenced in state court; and 6) The state court action can be timely adjudicated.

*Seven Springs, Inc. v. Abramson (In re Seven Springs, Inc.)*, 148 B.R. 815, 817 (Bankr. E.D.Va.1992).

**7.** "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

Also, Woodfin has asserted no prejudice to its interest by having the case remain here. Thus, while comity with the state court weighs in favor of remand, more important considerations persuade the court to deny Woodfin's motion to remand.

Accordingly, the court will not abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and will deny the motion to remand it to the Circuit Court of the City of Richmond. Fed. R. of Bankr.P. 9027(d); 28 U.S.C. § 1452(b).

A separate order will be entered.