**In re Patrick R. WELCH and Jennifer J. Welch, Debtors.**

**No. 5–03–bk–54787.**

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 24, 2005.

Michael G. Oleyar, Hazleton, PA, for Debtors.

William G. Schwab, William G. Schwab and Associates, Lehighton, PA, pro se.

## OPINION [1]

JOHN J. THOMAS, Bankruptcy Judge.

Presently before the Court is an Application to Approve Employment of Special Litigation Counsel, Nunc Pro Tunc, filed by the Movant, Hourigan, Kluger & Quinn, P.C. (Doc. # 25).

Debtors filed the instant Chapter 7 bankruptcy petition on October 1, 2003. The Application under consideration was filed July 19, 2004. Prior to the filing of this bankruptcy, the Movant represented the Debtor in a class action lawsuit in the Court of Common Pleas of Luzerne County filed to No. 6147–C of 1996. While Debtors were not specifically named as plaintiffs in the class action, they were "similarly situated" as class members. The allegation of the Application is that the Debtors filed the bankruptcy unbeknownst to the Movant. The class action

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

was initiated in 1996 and, while settled prior to the filing of the bankruptcy, did not become final until after the filing of the bankruptcy sometime in December of 2003. Movant has alleged it has settlement proceeds it is prepared to release to the Chapter 7 Trustee but has, nevertheless, provided services necessary to the interest of the estate which services should be compensated. Movant alleges, citing the Third Circuit case of *Matter of Arkansas Co., Inc.,* 798 F.2d 645 (3rd Cir.1986) and *In re Albert,* 206 B.R. 636 (Bankr. D.Mass.1997), that not only does it have standing to file the instant application but it has further met all the requirements of the *Matter of Arkansas* for this Court to approve retroactive appointment as special counsel to the Debtors.

The Trustee responds that the Movant cannot be appointed as counsel because it does not meet the disinterestedness requirements of the Bankruptcy Code in that it is a prepetition creditor of the estate. In addition, the Trustee did not move for the appointment of the Movant as special counsel. Furthermore, the Movant was aware of its requirement to petition the Court to be hired by the Trustee but chose not to do so until July of 2004 even though the Movant was aware of the bankruptcy in January of 2004.

While the Movant suggested it had an attorney's lien on the proceeds of the settlement reaching back to its initial retention by the Debtors in 1996, that lien, and its position vis-à-vis the Trustee's lien avoidance powers, was not presented as ripe for determination at the hearing. Furthermore, Movants did not request the Court to recognize time and costs of their firm in representing the Debtors in the class action as an administrative expense. All that was presented for resolution was the nunc pro tunc request to be appointed as special counsel. The Trustee was adamant that while, in a related case (*In re*

*Potoskie,* Case No. 5–98–03077), he filed an application to approve this law firm as special litigation counsel which was subsequently approved by the Court, there was no further work needed to be done by the Movant in this case and the Trustee did not wish to hire the Movant as special counsel.

In support of its position, the Movant relies on the *In re Albert* case, *supra,* which found, under the facts of that case, an attorney had standing to file an employment application over a Trustee's objection. The Court further found the employment request had to satisfy the statutory requirements of the Code and that any delay in seeking Court approval resulted from "extraordinary circumstances". Citing *In re Jarvis,* 53 F.3d 416 (1st Cir. 1995).

■ The other case relied on by the Movant is the *Matter of Arkansas Co., Inc.,* 798 F.2d 645 (3rd Cir.1986), which addressed the retroactive approval of professional appointments. The circuit approved the authority of a bankruptcy judge to appoint a professional "nunc pro tunc", but held that "*nunc pro tunc* approval should be limited to cases where extraordinary circumstances are present. Otherwise, the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed." *Id.* at 649. The court adopted a two-part test to determine the propriety of retroactive approval which is summarized as follows.

> When considering an application, the bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval, which entails a determination that the applicant satisfied the statutory requirements of 11 U.S.C. §§ 327(a) and 1103(a) that the applicant be disinterested and not have an adverse interest, and

that the services performed were necessary under the circumstances. Thereafter, in exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore repsonsibility [sic] for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Id.* at 650.

■■■ Had the Court been presented with a timely application, it would have, in all likelihood, followed the prior pattern as in the *Potoskie* case and approved the application as appropriate. Applications to approve special counsel to continue employment of a law firm to conclude personal injury or malpractice actions are not unheard of in the bankruptcy arena and are specifically permitted by § 327(e) of the Code. See also *In re Vouzianas,* 259 F.3d 103 (2nd Cir.2001). But as the Third Circuit pointed out, it does not necessarily follow that because interim approval might be given if timely requested, that retroactive approval will be forthcoming. See *Matter of Arkansas* at 648.

The Trustee asserts the Movant was well aware of the bankruptcy and its duty to file an application. The Third Circuit, in the case of *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99 (3rd Cir.1988), wrote:

Although Bankruptcy Rule 2014(a) states, in relevant part, that "[a]n order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee," this requirement cannot relieve the professional person who seeks appointment from responsibility to know that such approval is necessary and to insure that it has in fact been sought.

*Id.* at 106.

The professional in *F/S Airlease II, Inc.* was not an attorney but a "sophisticated businessman" who was represented by attorneys during the entire course of dealings with the debtor. There, the court found that even though the professional believed the debtor had the responsibility for filing the application, the court saw no basis to relieve the movant from his obligation under § 327(a) to ensure the application was timely filed. *Id.* at 107. The applicant in this case is a law firm well known to this Court and the general community of which it serves as being responsible lawyers with an experienced practice in the bankruptcy arena. Furthermore, two lawyers representing the Movant at the hearing indicated they were aware of the bankruptcy in January of 2004 but did not file the instant application until July of 2004. The only reason given by the Movant for the delay in filing the application was that because of its experience as being appointed as special counsel to the Trustee in the *Potoskie* case, referenced above, it fully expected to be employed likewise in this case. No time pressures to provide services before filing the application were referenced.

Over all, these circumstances do not rise to the level of "extraordinary circumstances" as contemplated by the Third Circuit in both of the cases of *Matter of Arkansas Co., Inc.* and *F/S Airlease II, Inc., supra.*

■■■ This Court shares the frustration expressed by the Movant in its position that it did extraordinary work on behalf of

the Debtors to bring the settlement of the class action suit to a head resulting in money being made available to the bankruptcy estate for distribution. The Court recognizes the successful efforts made by the Movant and applauds their handling of the underlying class action. This Court, however, like the Third Circuit, must give effect to the reasoning behind the statutory requirement of prior approval of professionals retained by the estate.

In most cases in which *nunc pro tunc* approval has been sought, the applicant has performed services of value. To this extent, there will be some unjust enrichment if compensation is not authorized. Because that is the unavoidable consequence of the statutory requirement of prior approval, we agree with the statement by the court in *In re Mason,* 66 B.R. 297, 307 (Bankr.D.N.J. 1986), that the "fact that the applicant's services were beneficial to the debtor's estate is immaterial to this court's decision regarding *nunc pro tunc* approval."

*F/S Airlease II, Inc.,* 844 F.2d at 108.

It is for these reasons stated above, and a recognition the Trustee did not wish to retain the Movant as a professional in this case, that the Court will deny the Application to Approve Employment of Special Litigation Counsel, Nunc Pro Tunc.