**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KEM CLARK,

      Plaintiff-Appellant,

v.

TRAILINER CORP.; TOTAL
INFORMATION SERVICES, INC.,
d/b/a DAC Services,

      Defendants-Appellees.

No. 00-5020
(D.C. No. 99-CV-286-H)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kem Clark appeals from the district court's order dismissing his case for lack of standing. We affirm.

Mr. Clark was in training to become a truck driver for defendant Trailiner, an interstate motor carrier. In accordance with company policy, Trailiner advanced Mr. Clark the costs of going to the training and required safety course. Mr. Clark was to repay Trailiner by regular withdrawals from his paycheck. Mr. Clark quit before he had completed repayment. As a result, Trailiner included the phrase "unauthorized use of company funds" on Mr. Clark's employment history which was transmitted to defendant Total Information Services, Inc., the principal source of employment screening information for the nation's motor carrier industry. Allegedly because of the inclusion of this phrase on his employment history, Mr. Clark had difficulty finding jobs in the trucking industry. Eventually he left the industry and entered welding school.

Thereafter, Mr. Clark filed a Chapter 7 bankruptcy petition. He was granted a discharge and the case was closed. Before the case was closed, Mr. Clark commenced this action in state court seeking damages from Trailiner. Mr. Clark claimed that inclusion of the phrase "unauthorized use of company funds" on his employment history had denied him the ability to obtain jobs in the trucking industry. Trailiner removed the case to federal court contending that the claim arose under the Federal Fair Credit Reporting Act. See 15 U.S.C. § 1681p.

-2-

Trailiner later moved to dismiss the case on the ground that Mr. Clark lacked standing to bring the suit because the claim was owned by the bankruptcy estate at the time Mr. Clark filed his complaint. The district court agreed and dismissed the case. Mr. Clark now appeals and argues that his claim should not have been dismissed because he subsequently removed the impediment to the district court's jurisdiction.

We "review[] questions of standing de novo." Utah v. Babbitt, 137 F.3d 1193, 1203 (10th Cir. 1998). We review the district court's decision to allow joinder or substitution of a real-party-in-interest under Fed. R. Civ. P. 17(a) for abuse of discretion. See Scheufler v. General Host Corp., 126 F.3d 1261, 1270 (10th Cir. 1997).

Upon filing for bankruptcy, Mr. Clark was required to list all the assets of his estate. See 11 U.S.C. § 521(1); Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 207-08 (5th Cir. 1999) (debtors have "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*"), cert. denied, 120 U.S. 936 (2000). Assets include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see, e.g., Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 902 (7th Cir. 2000) (legal claims are assets of bankruptcy estate, "especially when they are claims for money"). When the bankruptcy action is closed, "properly scheduled"

assets not otherwise administered revert "to the debtor through abandonment under 11 U.S.C. § 554[(c)]".    Hutchins v. IRS  , 67 F.3d 40, 43 (3d Cir. 1995). Assets not properly scheduled remain property of the bankruptcy estate.    See § 554(d) ("property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.").  As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name. See  Vreugdenhill v. Navistar Int'l Transp. Corp.    , 950 F.2d 524, 526 (8th Cir. 1991) (Chapter 7 debtor who failed to schedule potential claim cannot prosecute claim after emerging from bankruptcy);    cf., Stein v. United Artists Corp.   , 691 F.2d 885, 893 (9th Cir. 1982) (claims not listed in Chapter XI proceedings did not revest in debtor upon bankruptcy discharge).

Mr. Clark admits he did not list his claim against defendant.  The estate was fully administered and closed.  Therefore, this claim remained property of the estate and Mr. Clark lacked standing to prosecute it.  Mr. Clark contends, however, that under Fed. R. Civ. P. 17, the district court should not have dismissed this action as he sought to reopen his bankruptcy case, list the claim as an asset, and have the trustee abandon the claim.    As a result, the claim would revest in him and he would have standing to prosecute this action.

The ultimate issue is whether the rules of standing or Fed. R. Civ. P. 17 govern the disposition of this case.  Standing is assessed at the time the action is

commenced.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992). Mr. Clark admits that he did not have standing when the case commenced.

Mr. Clark argues, however, he "cured" the standing problem and therefore, became the real party-in-interest under Rule 17.  Rule 17(a) permits the joinder or substitution of the real-party-in-interest to an action.  Mr. Clark, however, was not seeking to *substitute or join* the real-party-in-interest as permitted under Rule 17.  He sought to *retroactively become* the real-party-in-interest and, thus, establish standing.  This is not permissible.  The district court did not abuse its discretion in not permitting Mr. Clark to take this action.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge