**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL MILLIGAN,

        Plaintiff-Appellant,

v.

BILL REED; NATHAN ALGIEN;
ENDRE SAMU; PAUL CLINE,

        Defendants-Appellees.

No. 10-1155
(D.C. No. 1:06-CV-00911-WYD-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Michael Milligan, an inmate who has been transferred among several state

prisons, brought this action under 42 U.S.C. § 1983 asserting a number of civil

rights claims and seeking various forms of monetary and equitable relief.

Defendants, Colorado Department of Corrections (CDOC) officials, moved for

summary judgment, raising jurisdictional deficiencies as to some claims and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

merits deficiencies as to others.  The district court entered summary judgment upon the defendants' motion; Milligan appeals from that judgment.  The district court properly entered summary judgment but we remand for a limited purpose—it should amend the judgment to clarify that Claims Two and Three were dismissed without prejudice because the court lacked jurisdiction.

As is pertinent here, Milligan contends his First and Eighth Amendment rights were violated while he was a prisoner at three CDOC facilities—the Fort Lyon Correctional Facility (FLCF), the Arkansas Valley Correctional Facility (AVCF), and the Limon Correction Facility (LCF).  Specifically, his second amended complaint alleged that:  defendants Reed and Algien transferred him from FLCF to AVCF in retaliation for two grievances about the conditions of confinement at FLCF (Claim Two[1]); Algien was deliberately indifferent in transferring Milligan to AVCF because Algien knew Milligan would be at substantial risk of harm and in imminent danger from gang members (who had previously threatened to kill Milligan) housed at AVCF (Claim Three); defendant Cline transferred Milligan to LCF in retaliation for filing this lawsuit (Claim Four); Cline was deliberately indifferent in transferring Milligan to LCF because Cline knew Milligan would be at substantial risk of harm and in imminent danger at the hands of an inmate named Pottberg (Claim Five);

---

[1]      Claim One was dismissed with prejudice and Milligan does not challenge that dismissal on appeal.

defendant Samu filed a false disciplinary charge against Milligan in retaliation for Milligan's grievances about having been placed at LCF (Claim Six); and Samu, who knew Pottberg to be a "white supremist [sic] gang member," R., Vol. 1 at 67, was deliberately indifferent to Milligan's grievances by attempting to force Milligan into the general LCF population with Pottberg (Claim Seven). Milligan sought nominal and punitive damages, as well as a judgment declaring defendants' wrongdoing, and an injunction requiring Milligan to be returned to FLCF, reinstated in his job there, and have lost FCLF privileges restored.

The parties filed cross-motions for summary judgment and the matter was referred to a magistrate judge. The magistrate found that the facts forming the basis of Claims Two and Three (but none of Milligan's other claims) pre-dated Milligan's Chapter 7 bankruptcy petition, which was filed December 13, 2004, and was still pending at the time this suit was filed, May 16, 2006. The magistrate further found that Milligan had not scheduled any of his pre-petition claims as assets and had "failed to amend his schedules after discovering that [Claims Two and Three] were not listed as assets." *Id.*, Vol. 2 at 216. Moreover, "the Order closing the bankruptcy case abandoned only scheduled property" and therefore

> the Bankruptcy Court did not abandon Claims Two and Three . . .
> [such that] Claims Two and Three remain the property of the estate.
> *See Clark v. Trailiner Corp.*, 2000 WL 1694299, *1 (10th Cir.
> Nov. 13, 2000) ("When the bankruptcy action is closed, 'properly
> scheduled' assets not otherwise administered revert 'to the debtor

through abandonment under 11 U.S.C. § 554[(c)]' . . . **Assets not properly scheduled remain the property of the bankruptcy estate. . . . As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name.**") (emphasis added).

R., Vol. 2 at 216. Consequently, the magistrate concluded Milligan was without "standing to bring Claims Two and Three" and recommended dismissing those claims for lack of jurisdiction. *Id.*[2]

Turning to Claims Four through Seven, the magistrate found no genuine dispute as to any material facts and concluded defendants Cline and Samu were entitled to summary judgment on the merits of their claims. He therefore recommended an entry of summary judgment in favor of Cline on Claims Four and Five and Samu on Claims Six and Seven.

Milligan objected to the magistrate's recommendations, and the district court reviewed de novo, those portions of the recommendations to which Milligan

---

[2] Defendants, in part, sought summary judgment on the basis that Milligan was without standing "to pursue causes of action belonging to the bankruptcy estate." R., Vol. 2 at 12. *See, e.g.*, *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. . . . Failure to list [a pre-petition cause of action] on a bankruptcy schedule leaves that interest in the bankruptcy estate."); *accord Vreugdenhill v. Navistar Int'l. Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991). The magistrate judge acknowledged this jurisdictional deficiency in the course of his analysis, but the general nature of his resultant recommendation—to grant summary judgment to defendants on all claims—may have obscured the fact that Claims Two and Three were to be disposed of on non-merits grounds.

objected. The district court adopted the magistrate's "thorough, well reasoned" recommendation and entered summary judgment. R., Vol. 2 at 253.[3]

Because Milligan is proceeding pro se, "we construe his pleadings and papers liberally, but our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). On appeal, he contends the district court erred in granting summary judgment in favor of the defendants because (1) he "presented both direct and circumstantial evidence on all his claims to adequately create genuine issues of material facts," (2) all of his claims raise issues concerning the defendants' "motives, and as such . . . credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from those material facts are jury functions, not that of the district court [or] magistrate," (3) the district court did not "draw all reasonable inferences in [his] favor," and (4) the district court's application of "the 'temporal proximity doctrine' . . . was error." Aplt. Opening Br. at 4-5.[4]

---

[3]     Like the magistrate, the district court acknowledged jurisdictional deficiencies as to Claims Two and Three, which "remain the property of the bankruptcy estate," R., Vol. 2 at 248, while couching its ultimate disposition broadly in terms of the grant of summary judgment to defendants on all claims. Here too it might have been clearer had the district court explained that Claims Two and Three were dismissed without prejudice for lack of jurisdiction.

[4]     To the extent Milligan may still seek equitable relief, his requests are moot since he is no longer incarcerated at any of the prisons about which he complained (he is now incarcerated at the Colorado Territorial Correctional Facility). *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.), *cert. denied*, 131 S. Ct. 469 (2010) (observing that when a prisoner is transferred
(continued...)

-5-

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, applying the same standard as the district court under Fed. R. Civ. P. 56. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007). Under that standard, summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[5] When applying this standard, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1243 (10th Cir. 2010) (quotations omitted), *petition for cert. filed*, 79 U.S.L.W. 3370 (U.S. Nov. 5, 2010) (No. 10-769).

We have undertaken a thorough review of the parties' briefs, the record, and the applicable law and conclude that Milligan has not shown any reversible error in this case. Accordingly, we AFFIRM the judgment of the district court for substantially the same reasons stated in the magistrate's Recommendation and in

---

[4](...continued)
away from a complained-of facility, "declaratory and injunctive relief" generally "will not be available against the" defendants at the complained-of facility); *cf. Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (holding that release from prison moots claims for declaratory and injunctive relief).

[5]     By amendment effective December 1, 2010, the summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), but the "standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee note (2010 Amendments).

the district court's Order adopting that Recommendation. But we REMAND to the district court for the limited purpose of it amending its judgment to reflect that Claims Two and Three were dismissed without prejudice for lack of jurisdiction. Finally, we GRANT Milligan's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Terrence L. O'Brien
Circuit Judge